licence, (c) take my professional license, (c) take my bank account, (d) take my income tax return, and (e) report this charge to a national credit reporting agency.

194. (vii) The False Statement of fact Relied Upon: Plaintiff owed "$14,474.45 in child support arrears" for case no. 94-DV-265.

195. (viii) The Impact: The fear this letter caused upon me was life altering, because this letter was validation that Tonya Marie Coffey (Nelson) could walk into a very powerful government agency and convince them to commit crimes against me. Here was an agency with the capability to destroy my livelihood, (which they would eventually do), and Tonya Marie Coffey (Nelson) obviously had the ability to motivate them to break the law.

196. (b) On January 13, 1999, the Montgomery county, Ohio child support enforcement agency, located at 14 W. Fourth Street, dayton, Ohio 45401, generated and mailed, via the United States postal service, a letter adressed to an received by the plaintiff at his home in Boston located at 57 Charter Street, Apt 2A, Boston, Massachusetts, 02113. This letter stated the plaintiff owed "$14,913.05 in child support arrears" for case no. 94-DV-265.

197. (i) The scheme: To use the child support enforcement agency to extort approximately $15,000 from the plaintiff and slander the plaintiff's name.

198. (ii) The mailing was cited above in paragraph (b).

199. (iii) The specific intent: The fact that Tonya Marie Coffey (Nelson) filed the fraudulent affidavit *before* meeting with the child support enforcement agency staff demonstrates the child support enforcement agency staff was re-acting to Tonya Marie Coffey (Nelson's) coercion, and not vica-verca. The child support enforcement agency was acting as an agent of Tonya Marie Coffey (Nelson).

200. (iv) Contemplated Harm: To garnish the plaintiff's wages to such an extent, the plaintiff would literally,be unable to survive. To take the plaintiff's bank account. To take the plaintiff's drivers license. To take the plaintiff's professional license. To harm the plaintiff's credit report status.

201. (v) Time: January 13, 1999

202. (vi) Place: Mailing generated and sent from the offices of the Montgomery County, Ohio Child Support Enforcement Agency located at 14 W. Fourth Street, Dayton, Ohio 45401, and addressd to and recieved by plaintiff at 57 Charter Street, Apt 2A, Boston, Massachusetts 02113.

203. (vii) Content of Communication: The letter falsely stated the plaintiff owed "$14,913.05 in child support arrears" for case no. 94-DV-265. And if the plaintiff did not pay, the child support enforcement agency would: (a) garnish my wages, (b) take my driver's licence, (c) take my professional license, (c) take my bank account, (d) take my income tax return, and (e) report this charge to a national credit reporting agency.

204. (viii) The False Statement of fact Relied Upon: Plaintiff owed "$14,913.05 in child support arrears" for case no. 94-DV-265.

(ix) The Impact: The fear this letter caused upon me was life altering, because:
- (a) The CSEA was now increasing amount they were fraudulently charging me.
- (b) Attempting to ascertain what was going on would take several years, and was a major obstruction of the time I needed to commit to helping my children who were heart broken over missing their Father.
- (c) Seeing the arrearage figures being increased, meant only one thing. All the other threats, would soon follow.

205. (c) On January 13, 1999, the Montgomery county, Ohio child support enforcement agency, located at 14 W. Fourth Street, Dayton, Ohio 45401, generated and mailed, via the United States postal service, a letter adressed to an received by the Payroll Department of the plaintiff's employer, Beth Israel Hospital at 330 Brookline Avenue, Boston, Massachusetts. This letter ordered the plaintiff's employer to garnish the plaintiff's wages in the amount of "$14,913.05 in child support arrears" for case no. 94-DV-265.

206.(i) The scheme: To use the far-reaching powers of the child support enforcement agency to extort approximately $15,000 from the plaintiff and slander the plaintiff's name.

207. (ii) The mailing was cited above in paragraph (c).

208. (iii)The specific intent: The fact that Tonya Marie Coffey (Nelson) filed the fraudulent affidavit **before** meeting with the child support enforcement agency staff demonstrates the child support enforcement agency staff was re-acting to Tonya Marie Coffey (Nelson's) coercion, and not vica-verca. The child support enforcement agency was acting as an agent of Tonya Marie Coffey (Nelson).

209. (iv) Contemplated Harm: To garnish the plaintiff's wages to such an extent, the plaintiff would literally,be unable to survive. To take the plaintiff's bank account. To take the plaintiff's drivers license. To take the plaintiff's professional license. To harm the plaintiff's credit report status.

210. (v) Time: January 13, 1999

211. (vi) Place: Mailing generated and sent from the offices of the Montgomery County, Ohio Child Support Enforcement Agency located at 14 W. Fourth Street, Dayton, Ohio 45401, and addressd to and recieved by the payroll department of the plaintiff's employer, Beth Israel hospital, 330 Brookline Avenue, Boston, Massachusetts.

212. (vii) Content of Communication: The letter falsely stated the plaintiff owed "$14,913.05 in child support arrears" for case no. 94-DV-265. And if the plaintiff did not pay, the child support enforcement agency would: (a) garnish my wages, (b) take my driver's licence, (c) take my professional license, (c) take my bank account, (d) take my income tax return, and (e) report this charge to a national credit reporting agency.

213.(vii) The False Statement of fact Relied Upon: Plaintiff owed "$14,913.05 in child support arrears" for case no. 94-DV-265.

214.(viii) The Impact: was catastrophic. Because this fraudulent garnishment reduced the plaintiff's take home pay to approximately $200 every two weeks. The plaintiff was unable to pay the rent on his one room efficiency apartment and was dealing with being homeless. The plaintiff's entire world was spinning out of control.

215. (i) The scheme: To use the far-reaching powers of the child support enforcement agency to extort from the plaintiff $13,834.60.

216. (ii) The mailing: Mailing generated and mailed interstate by Debbie Martineau, from the offices of the Clark County, Ohio child support enforcement agency located at 1345 Lagonda Drive, Springfield, Ohio, 45503, via the United States Postal Service, addressed to and received by, Ralph Nelson, 57 Charter Street, Apt 2A, Boston, Massachusetts, 02113.

217. (iii) The specific Intent: To wrongully charge the plaintiff with a fraudulent arrearage charge. And to use the powers of the child support enforcement agency and the Clark County Common Pleas Court to collect a known fraudulent arrearage charge.

218. (iv) Contemplative Harm: To charge the plaintiff with payments he can not afford, thereby forcing the plaintiff to work two jobs just to survive.

219. (v) Time: July 14, 2000

220. (vi) Place: The Clark County, Ohio, Child Support Enforcement Agency.

221. (vii) Content of Communication: "Support paid from 1/1/00 - 6/30/00 is $3,117.18.

222. (viii) The false statement of fact relied upon: Actual support paid from 1/1/00 - 6/30/00 was $8,543.61.

223. (ix)   The impact: The impact was life altering because this was evidence that Tonya Marie Coffey (Nelson) now had significant influence upon two child support enforcement agencies in two different counties within the State of Ohio.


224. (i) The scheme:  To utilize the far-reaching powers of the child support enforcement agency, and the Clark County Common Pleas Court to extort $3,118.20 from the plaintiff.

225. (ii) The mailing: Mailing generated and mailed interstate by Virginia Brown, from the offices of the Clark County child support enforcement agency located at 1346, Lagonda Avenue, Springfield, Ohio, 45503, addressed and received by Ralph Nelson at 57 Charter Street, Apt 2A, Boston, Masachusetts, 02113.

226. (iii)The specific Intent: To extort, under threat of incarceration, $11,602.00 from the plaintiff.

227. (iv) Contemplative Harm: To charge the plaintiff with payments he can not afford, thereby forcing the plaintiff to work two jobs just to survive, or face incarceration.

228. (v) Time: October 20, 2000

229. (vi) Place: Clark County child support enforcement agency

230. (vii) Content of Communication: "The audit found a total arrearage of $5,369.38"

231. (viii) The false statement of fact relied upon: A fraudulent, known, charge against the plaintiff, in an attempt to extort from the plaintiff $ 11,602.00.

232. (ix) The impact: After thid fraud was submitted to the court. The termination of all contact with my children. Incarceration. And a large increase in monthly child support payments.

233. (i) The scheme: To utilize the far-reaching powers of the child support enforcement agency, and the Clark County Common Pleas Court to extort $13,751.24 from the plaintiff.

234. (ii) The mailing: Mailing generated and mailed interstate by Sandra Mendenhall, from the offices of the Clark County child support enforcement agency located at 1346 Lagonda Avenue, Springfield, Ohio, 45503, addressed and received by Ralph Nelson at 57 Charter Street, Apt 2A, Boston, Masachusetts, 02113.

235. (iii) The specific Intent: To extort $13,751.24 from the plaintiff.

236. (iv) Contemplative Harm: To charge the plaintiff with payments he can not afford, thereby forcing the plaintiff to work two jobs just to survive, or face incarceration.

237. (v) Time: December 13, 2001

238. (vi) Place: Clark County child support enforcement agency

239. (vii) Content of Communication: "Arrears due $5,194.56"

240. (viii) The false statement of fact relied upon: Known, fraudulent, arrearage charge, in an attempt to extort $14,557.20.

241. (ix) The impact: After thid fraud was submitted to the court. The termination of all contact with my children. Incarceration. And a large increase in monthly child support payments.

242. (i) The scheme: To utilize the far-reaching powers of the child support enforcement agency, and the Clark County Common Pleas Court to extort $16,573.47 from the plaintiff.

243. (ii) The mailing: Mailing generated and mailed interstate by Sandra Mendenhall, from the offices of the Clark County child support enforcement agency located at 1346 Lagonda Avenue, Springfield, Ohio, 45503, addressed and received by Ralph Nelson at 57 Charter Street, Apt 2A, Boston, Masachusetts, 02113.

244. (iii) The specific Intent: To extort, under threat of incarceration, $16,573.47 from the plaintiff.

245. (iv) Contemplative Harm; To charge the plaintiff with payments he can not afford, thereby forcing the plaintiff to work two jobs just to survive, or face incarceration

246. (v) Time: December 18, 2001

247. (vi) Place: Clark County child support enforcement agency

248. (vii) Content of Communication: "Total support arrearage $7,856.79.

249. (viii) The false statement of fact relied upon: Actual, known, child support balance of + $ 9,362.64.

250. (ix) The impact: After thid fraud was submitted to the court. The termination of all contact with my children. Incarceration. And a large increase in monthly child support payments.

251. (i) The scheme: To exploit the Masachusetts Child Support Enforcement agencies lack of due diligence, to extort money from the plaintiff, through threat of incarceration.

252. (ii) The mailing: Generated and mailed from The Commonwealth of Massachusetts, Department of Revenue, Child Support Enforcement Division, P.O. Box 55144, Boston, Massachusetts 02205, via the United States postal service, addressed to and received by Ralph Nelson, 57 Charter Street, Apt 2A, Boston, Massachusetts, 02113.

253. (iii) The specific Intent: To include a second state IV-D agency in the attempted extortion from the plaintiff of $19,803.11

254. (iv) Contemplative Harm; To charge the plaintiff with charges he could not afford, thereby forcing him to work two jobs or face incarceration.

255. (v) Time: September 30, 2002

256. (vi) Place: The Commonwealth of Massachusetts, Department of Revenue, Child Support Enforcement Division, P.O. Box 55144, Boston, Massachusetts, 02205.

257. (vii) Content of Communication: " $ 8,531.65 in arrears."

258. (viii) The false statement of fact relied upon: Actual, known child support balance of $ 11,271.46.

259. (ix) The impact: The impact was life altering, because this was evidence that Tonya Marie Coffey (Nelson's) chronic, fraudulent, child support claims were influencing very powerful agencies in two states. Agencies with extremely lose adherence to their respective state IV-D plans.

## COUNT FIVE
## FRAUD

260. Plaintiff incorporates by reference paragraphs 1 through 130 as if fully repeated here.

261. Defendants made misrepresentations to national credit reporting agencies, to the plaintiff's employer's, to the plaintiff's bank, to the Clark County Common Pleas court, and to the plaintiff of facts material to the very survival of the plaintiff, and failed to inform all the above of the material facts.

262. The defendants knew, or should have known, of the falsity of its representations to or of the incompleteness of its statements to national credit reporting agencies, to the plaintiff's employer's, to the plaintiff's bank, to the Clark County Common Pleas court, and to the plaintiff, at the time that they were made.

263. The defendants misrepresentations, omissions, and concealment of material facts were made intentionally or recklessly and utter disregard as to their truthfulness or completeness.

264. National credit reporting agencies, the plaintiff's employers, the plaintiff' bank, the Clark County Common Pleas court, the driver license bureau, and the plaintiffs professional licensing agency, reasonably and justifiably relied to the plaintiffs detriment on the truthfulness of defendants representations and on the completeness of defendants disclosures of material facts, and the above groups and individuals were induced thereby to enter arrangements adversely effecting the plaintiff and his children. The above groups and individuals had a special relationship of trust and/or confidence with the defendants who knew or should have known that the above groups and individuals would so reply. But for defendants misrepresentations, omissions, and concealment of material facts concerning the plaintiff, the above groups and individuals would not have entered into the arrangements so detrimental to the plaintiff.

265. As a direct and proximate result of defendants intentional misrepresentations, omissions, and concealment of material facts, the plaintiff has been damaged to the extent that :
   1. The loss of all contact with my children.
   2. The attempted extortion of over $15,000
   3. The collection of approximately $ 9,500.00 of above money.
   4. The attempted extortion, with threat of incarceration, of $ 13,834.60
   5. The attempted extortion, with threat of incarceration, of $ 11,602.00
   6. The attempted extortion, with threat of incarceration, of $ 13,751.24
   7. The attempted extortion, with threat of incarceration, of $ 16,573.47
   8. The reporting of fraudulent charges made to national credit reporting agencies.
   9. The suspension of the plaintiff's drivers license.
   10. The suspension of the plaintiff's professional license.

   11. The loss of the plaintiff's tax returns.
   12. The loss of the plaintiff's bank account.
   13. The loss of employment at Beth Israel Hospital.
   14. The loss of employment at Brockton Hospital.

266. Defendants conduct was knowing, intentional, with malice, demonstrated a complete lack of care, and was in conscious disregard for the rights of the plaintiff. The plaintiff is therefore entitled to an award of punitive damages from                .

## COUNT SIX

### AIDER AND ABETTOR LIABILITY

267. The plaintiff incorporates by reference paragraphs 1 through 130 as if fully repeated here.

268. At all times relevant to this complaint, the defendant, Tonya Marie Coffey (Nelson) associated with the primary violators.

269. At all times relevant to this complaint, the defendant, Tonya Marie Coffey (Nelson) participated in the violations.

270. At all times relevant to this complaint, the defendant, Tonya Marie Coffey (Nelson) sought to make the predicate acts succeed.

271. At all times relevant to this complaint, the defendant, Tonya Marie Coffey (Nelson) shared the criminal intent of the principles of the primary violation.

272. At all times relevant to this complaint, the defendant, Tonya Marie Coffey (Nelson) managed a degree of direction of the association-in-fact.

## COUNT SEVEN

### NEGLIGENCE

273. The plaintiff incorporates by reference paragraphs 1 through 130 as if fully repeated here.

274. The defendants assumed, undertook, and owed to the plaintiff, a duty to use reasonable care and competence in due diligence.

275. Defendants failed to exercise reasonable and ordinary care and competence, including the care and competence of a reasonable due diligence , in performing these duties owed to the plaintiff.

276. As a proximate result of defendants negligence, the plaintiff has been damaged to the extent :

1. The loss of all contact with my children.

2. The attempted extortion of over $15,000
3. The collection of approximately $ 9,500.00 of above money.
4. The attempted extortion, with threat of incarceration, of $ 13,834.60
5. The attempted extortion, with threat of incarceration, of $ 11,602.00
6. The attempted extortion, with threat of incarceration, of $ 13,751.24
7. The attempted extortion, with threat of incarceration, of $ 16,573.47
8. The reporting of fraudulent charges made to national credit reporting agencies.
9. The suspension of the plaintiff's drivers license.
10. The suspension of the plaintiff's professional license.
11. The loss of the plaintiff's tax returns.
12. The loss of the plaintiff's bank account.
13. The loss of employment at Beth Israel Hospital.
14. The loss of employment at Brockton Hospital.

277. Defendants conduct was reckless or grossly negligent, willful and wanton, with malice, demonstrated a complete lack of care and an inattention to duty, and was in conscious disregard of plaintiffs rights. Plaintiff is therefore entitled to an award of punitive damages from the defendants.

## COUNT EIGHT

### HOBBS ACT VIOLATION
### EXTORTION UNDER COLOR OF OFFICIAL RIGHT

278. The plaintiff incorporates by reference paragraphs 1-130 as if fully repeated here.

279. At all times relevant to this complaint, the defendant's induced and or attempted to induce the victim, (the plaintiff) to give up property or property rights.

280. At all times relevant to this complaint, the defendant's used the victims (the plaintiff) reasonable fear of physical injury and economic harm in order to induce the victims consent.

281. At all times relevant to this complaint, the defendants conduct actually obstructed and affected interstate commerce.

282. At all times relevant to this complaint, the defendants actual and threatened use of force, violence and fear was wrongful.

## COUNT NINE

### INTERSTATE STALKING VIOLATION

283. The plaintiff incorporates by reference paragraphs 1-130 as if fully repeated here

284. At all times relevant to this complaint, the defendant, Tonya Marie Coffey (Nelson) engaged in a pattern of interstate stalking.

285. At all times relevant to this complaint, the defendant, Tonya Marie Coffey (Nelson's) pattern of interstate stalking affected interstate commerce.

286. At all times relevant to this complaint, the defendant, Tonya Marie Coffey (Nelson) pattern of interstate stalking directly caused significant harm to the plaintiff.

## COUNT TEN

### FALSE IMPRISONMENT

### CHILD ENDANGERMENT

287. The plaintiff incorporates by reference paragraphs 1-130 as if fully repeated here

288. On December 27, 2001, in the Common Pleas Court of Clark County, Ohio, I submitted to the court and Magistrate Joel Salway the following child support payment history documentation:

| Month / Year | Child Support Paid | Child Support Owed | Balance |
| --- | --- | --- | --- |
| December 1999 | $1,039.06 | $ 1,039.06 | - 0 - |
| January 2000 | $1,039.06 | $ 1,039.06 | - 0 - |
| February 2000 | - 0 - | $ 1,039.06 | ($1,039.06) |
| March   2000 | $ 1,039.06 | $ 1,039.06 | ($1,039.06) |
| April    2000 | $ 1,039.06 | $ 1,606.56 | ($1,606.56) |
| May     2000 | $     46.62 | $ 1, 606.56 | ($3,166.50) |
| June    2000 | $ 3,641.95 | $ 1,606.56 | ($1,131.11) |
| July     2000 | $ 1,737.86 | $ 1,606.56 | ($    999.81) |
| August 2000 | $ 1,698.50 | $1,606.56 | ($    907.87) |
| Sept    2000 | $ 2,019.79 | $ 1,606.56 | ($    494.64) |

289. On January 3, 2001, Magistrate Joel Salway looked at the letter, on Clark County child support enforcement stationary, prepared and signed by Virginia Brown, and submitted to the court by Tonya Marie Coffey (Nelson) which stated I was "in arrears $5,369.38". Magistrate Salway also looked at the Contempt Charge document submitted to the court by Tonya Marie Coffey (Nelson) which stated, "plaintiff owes defendant in excess of $5,000". Magistrate Salway also looked at the above documentation I submitted. Every child support payment was verified by the check receipts, and the child support obligations were verified by the divorce decree.

290. And, after looking at the September 2000 balance of ($ 494.64) - proven by the check receipts -Magistare Joel Salway wrote under the heading, Findings of Fact and Conclusions of Law : "It is undisputed that the plaintiff was ordered to pay child support per the Decree of Divorce. It is further undisputed that the plaintiff has not done so and is in arrears in excess of $5,000."

291. Magistrate Joel Salway lied. Then he terminated all contact between my children and their Father, ordered a cash payment to Tonya Marie Coffey (Nelson), raised my monthly child support obligation, (an obligation that already required working a large amount of overtime each and every month), and he recommended my children's Father be incarcerated.

## COUNT ELEVEN

### TORTUOUS INTERFERENCE WITH CONTRACTUAL / ADVANTAGEOUS RELATIONS
### SLANDER

292. The plaintiff incorporates by reference paragraphs 1-130 as if fully repeated here

293. On 12/12/01, I signed an employment contract with Brockton hospital, 680 Centre Street, Brockton, Massachusetts, 02402. The employment contract specified the following compensation:

| | |
|---|---|
| Regular Hourly Rate | $ 30 |
| Minimum of 80.00 hours per pay period | |
| Shift Differential | $ 1 |
| Monthly Housing Subsidy | $ 1,300 |
| Monthly Transportation Allowance | $ 800 |
| Completion Bonus | $ 2,500 |

294. On 12/27/01, I traveled to Springfield, Ohio to defend myself in another fraudulent child support charge. At the time of the hearing, I provided to the court and to Tonya Marie Coffey (Nelson), my current place of employment as Brockton hospital. As well as the information that I had just begun working at Brockton hospital.

295. On 12/28/01, the very next morning, the defendant telephoned the Human Resource department of Brockton hospital, and told Robin Kirby, Coordinator, Human Resources, that "you recently hired an x-ray tech with a domestic violence charge." Upon arriving at work on 12/28/01, I was called in to the HR office and terminated based upon this phone call.

### Tonya Marie Coffey (Nelson)'s intent to commit a crime

296. There is only one obvious motive for Tonya Coffey (Nelson) telephoning my employer and stating "you recently hired an x-ray tech with a domestic violence charge." Tonya Coffey (Nelson)'s motive was to cause me to lose my job.

### Tonya Marie Coffey (Nelson)'s attorney admits Tonya Coffey (Nelson) committed the crime.

On January 3, 2002, Tonya Coffey (Nelson)'s attorney, Brenda Bonecutter admits that Tonya Coffey (Nelson) telephoned Brockton hospital Human Resource department on the morning of 12/28/01, when attorney Bonecutter mailed a letter, on her stationary, to attorney Mark Stone, in which she wrote, "upon my client contacting the name and address of the employer your client gave." In attorney Mark Stone's letter to the plaintiff dated January 9, 2002, attorney Mark Stone confirmed Brenda Bonecutter's acknowledgment and admittance that Tonya Coffey (Nelson) did telephone my place of employment. Attorney Mark Stone wrote, "this letter from her attorney does at least corroborate that your x-wife called and had contact with someone at your place of employment."

### The Result Of The Crime

297. I lost my $7,060 per month employment. I had to accept a lesser job earning substantially less money at another hospital.

WHEREFORE, the plaintiff respectfully requests that this court enter judgment in its favor and against defendants as follows:

1.  With regards to count one through four:

    [i] Treble damages: The plaintiff asks for monetary compensation in the amount of what would be considered reasonable attorney's fees for the enormous time expenditure required to return the plaintiffs life to his constitutional right of want of fear and intimidation.

    [ii] Divestiture: The plaintiff asks for a return of his drivers license and professional license, for the over-turning of all judgments against him imposed by the Clark County Common Pleas Court, and the protection from any future garnishments against his wages, licenses, and assets.

    [iii] Prohibitions against future activities. The plaintiff asks that the defendants be prevented from engaging in any future professional activities that can impact children and their Fathers.

    [iv] Business dissolution and reorganization: The plaintiff asks that all Federal tax payers dollars be withheld from the Ohio child support enforcement agency, the Massachusetts child support agency, and the Federal office of child support, until such time as evidence can be presented to this court that:

    a) All children unjustly prohibited from the blessing of having their good Fathers in their lives are identified.
    b) All children identified above, are provided assistance in getting their Father's back into their lives.
    c) Safeguards are developed to protect all children and their good Father's in the future.
    d) The Child Support Enforcement agency provide proof that all state IV-D plans will be justly adhered to.

And the plaintiff asks that the Clark County Common Pleas court be closed until such time as evidence can be presented to this court that:

   a) All good Father's in Clark County, Ohio being denied access to their children are identified.
   b) All good Father's identified above, are provided assistance in getting their children back into their lives.
   c) Safeguards are developed to protect all children and their good Father's in the future. Which includes a commitment to understanding, and protecting a Father's *natural* rights.

2.  With regards to counts five, six, seven, eight and eleven:

    The plaintiff asks that the defendants compensate the plaintiff monetarily for all arrearage charges which were proven known, or suspected of being, or should have been known to be wrong.

3.  With regards to counts nine and ten:

The plaintiff asks that the defendants, Tonya Marie Coffey (Nelson) and Joel Salway be incarcerated for the same duration for which they have tormented the plaintiff with for so many years.

Submitted by:

The Plaintiff
Ralph R. Nelson
57 Charter Street
Apt 2A
Boston, Massachusetts
02113