IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

FILED
IN CLERK'S OFFICE

2004 JUN -9  A 9: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| RALPH R. NELSON, | Case No. 04 10845 GAO |
| Plaintiff, | JUDGE GEORGE A. O'TOOLE, JR. |
| vs. | MAGISTRATE JUDGE LAWRENCE P. COHEN |
| TONYA MARIE COFFEY (NELSON), *et al.*, | |
| Defendants. | |

## MOTION TO DISMISS OF
## DEFENDANTS TOM HAYES AND CHINA WIDENER

Defendants, Tom Hayes, Director of the Ohio Department of Job and Family Services ("ODJFS"), and China Widener, Assistant Director of ODJFS, hereby move this Court to dismiss the Complaint of Ralph R. Nelson ("Plaintiff") against them pursuant to Civ. R. 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), or, in the alternative, transfer Plaintiff's case pursuant to 28 U.S.C. § 1404(a). A memorandum in support is attached below.

Respectfully Submitted,

JIM PETRO
Ohio Attorney General

*[signature]*

ADRIANNE M. BLAIR
Assistant Attorney General
150 East Gay Street, 17th Floor
Columbus, Ohio 43215
(614) 466-0722 (telephone)
(614) 644-9973 (facsimile)
Counsel for Defendants Tom Hayes and
China Widener

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

Generally, Plaintiff alleges that Defendants Tom Hayes and China Widener (collectively "Defendants"), as well as several other defendants, violated the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1969. Plaintiff alleges that Defendants Hayes and Widener were charged with overseeing the actions of both the Montgomery County and Clark County Child Support Enforcement Agencies ("CSEAs") in Ohio, and all defendants joined in his lawsuit allegedly formed an enterprise by which they extorted child support money from Plaintiff. Plaintiff alleges actions by Defendant Widener in only seven paragraphs out of the 296 in the Complaint, and Plaintiff never mentions Defendant Hayes anywhere in the Complaint. Defendants Hayes and Widener seek dismissal pursuant to Civ. R. 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6), 9(a), and/or transfer under 28 U.S.C. § 1404(a).

## II. STANDARDS OF REVIEW

### A. Civ. R. 12(b)(1)—subject matter jurisdiction.

Review of a motion to dismiss for lack of subject matter jurisdiction under Civ. R. 12(b)(1) requires a court to "accept as true all material factual allegations in the complaint." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the allegations of the complaint should be construed in favor of the pleader. *Scheuer*, 416 U.S. at 237. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). When the question to be considered is one involving the jurisdiction of a federal court, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Norton v. Larney*, 266

U.S. 511, 515 (1925). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

### B.     Civ. R. 12(b)(2)—personal jurisdiction.

A plaintiff bears the burden of establishing that jurisdiction is proper when facing a motion to dismiss for lack of personal jurisdiction under Civ. R. 12(b)(2). *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). In cases where no evidentiary hearing is held to determine whether personal jurisdiction exists, the plaintiff must make a prima facie showing of jurisdiction by "citing to specific evidence in the record that, 'if credited, is enough to support findings of all facts essential to personal jurisdiction.'" *Boit v. Gar-Tec Prods.*, 967 F.2d 671, 675 (1st Cir. 1992). Then, a plaintiff must show every fact necessary to satisfy the Court that personal jurisdiction has been met in order to defeat a motion to dismiss. See *Id.* When determining whether personal jurisdiction exists, a Court may consider the pleadings, affidavits, and exhibits filed by the parties. *Id.* Plaintiff's properly supported proffers of evidence are accepted as true and disputed facts are viewed in light favorable to the plaintiff; however, any unsupported allegations need not be accepted as true. *Id.*

### C.     Civ. R. 12(b)(3)—venue.

In order to defeat a motion to dismiss based on improper venue under Civ. R. 12(b)(3), the plaintiff must bear the burden of demonstrating that the action was brought in a permissible forum. *Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086 (1st Cir. 1979). Then, the procedural analysis applied to a motion to dismiss for lack of venue is the same as the analysis used to examine a motion to dismiss under Rule 12(b)(2), as described above. See *New Life Brokerage Servs., Inc. v. New Life Holding Co., Inc.*, 222 F. Supp.2d 94, 98 (D. Me. 2002).

**D.     Civ. R. 12(b)(6)—failure to state a claim upon which relief can be granted.**

When a complaint is review for dismissal for failure to state a claim under Civ. R. 12(b)(6), the facts are considered in the light most favorable to the non-moving party who then receives the benefit of all reasonable inferences. See *Reppert v. Marvin Lumber and Cedar Co.*, 359 F.3d 53, 56 (1st Cir. 2004). Despite this instruction to construe the complaint liberally in plaintiff's favor, a complaint must contain "either direct or inferential allegations respecting all the material elements" and those allegations must amount to "more than bare assertions of legal conclusions." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Ultimately, because a Civ. R. 12(b)(6) motion tests the sufficiency of the complaint, dismissal is proper when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See *Moss v. Camp Pemigewassett*, 312 F.3d 503, 507 (1st Cir. 2002).

**III.    LEGAL ARGUMENT**

**A.     Plaintiff's claims should be dismissed against Defendants due to sovereign immunity.**

This is an action for money damages in federal court against an agency or department of the State of Ohio. Therefore, the action must be dismissed because this Court lacks jurisdiction over the subject matter and Plaintiff has failed to state a claim for which this Court can grant relief.

The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state, or citizens or subjects of any foreign state.

In defining the scope of the Eleventh Amendment, the Supreme Court has determined that federal jurisdiction over suits against unconsenting states "was not contemplated by the

4

Constitution when establishing the judicial power of the United States." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).

As summarized by the Supreme Court, the principle of sovereign immunity establishes:

> That a state may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a state without consent given: not one brought by citizens of another State, because of the Eleventh Amendment; and not even one brought by its own citizens, because of the fundamental rule of which the Amendment is but an exemplification.

*Ex Parte State of New York*, 256 U.S. 490, 497 (1921). The Eleventh Amendment bars all suits against unconsenting states or "one of its agencies or departments," *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 *1981), regardless of the nature of relief sought, *Missouri v. Fiske*, 290 U.S. 18, 27 (1933); see also *Horizon Bank and Trust Co. v. Flaherty*, 309 F. Supp.2d 178 (D. Mass. 2004). This immunity is not merely a defense from liability, but also safeguards a state against being subjected to the "coercive process of judicial tribunals at the instance of private parties." *Rhode Island Dep't of Envtl. Mgmt, State of Rhode Island v. United States of America*, 304 F.3d 31, 54 (1st Cir. 2002).

Ohio has not waived immunity in this case to be sued in the District of Massachusetts. Thus, the Eleventh Amendment prevents Plaintiff from receiving any relief—whether monetary, declaratory or injunctive—from the State of Ohio or one of its agencies. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 101 (1981) (applying the jurisdictional bar applies regardless of the nature of the relief sought against the State).

**B.     Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.**

This Court should dismiss all Plaintiff's claims for a lack of subject matter jurisdiction because Plaintiff's Complaint fails to adequately plead any jurisdictional basis for his claims. Civ. R. 8(a)(1) specifically provides:

> **(a) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it

\*     \*     \*

In Plaintiff's original claims against all Defendants in this action, Plaintiff simply alleges that "[t]his court has subject matter jurisdiction over the action pursuant to 28 U.S.C. ___ [sic]." Under Rule 8(a), this Court does not already have jurisdiction, and Plaintiff failed to provide the statute under which jurisdiction lies.

A statement of jurisdictional grounds cannot be sufficient without offering at least a statute that confers jurisdiction on the Court. Plaintiff's Complaint brings several claims against each defendant. Individual defendants, without more, should not be required to guess the precise jurisdictional basis under which they are being subjected to the jurisdiction of the Massachusetts District Court. Great difficulty lies in defending claims when a defendant is without knowledge of the precise nature under which they are brought. Therefore, this Court should dismiss Plaintiff's Complaint against Defendants Hayes and Widener for a lack of subject matter jurisdiction.

C.  **Plaintiff's claims against Defendants should be dismissed for lack of personal jurisdiction.**

The Court lacks personal jurisdiction over Defendants Hayes and Widener under traditional notions of personal jurisdiction. In addition to employing the nationwide service of process provision found in 18 U.S.C. § 1965(d),[1] this Court must nonetheless undergo the requisite due process analysis required by the U.S. Constitution before assuming that personal jurisdiction is proper for Defendants Hayes and Widener. But see *FleetBoston Fin. Corp. v. fleetbostonfinancial.com*, 138 F. Supp. 2d 121, 129-30 (D. Mass. 2001) (failing to reach the due process analysis when statutes provide for nationwide service of process). At a minimum, four other Circuit Courts of Appeal have held that personal jurisdiction requires not only service according to a relevant nationwide service of process statute, but also traditional notions of minimum concepts in order to meet due process concerns. See *Horne v. Adolph Coors Co.*, 684 F.2d 255, 259 (3rd Cir. 1982); *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 826 (5th Cir. 1996); *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1259 (5th Cir. 1994); *Handley v. Indiana and Michigan Elec. Co.*, 732 F.2d 1265, 1272 (6th Cir. 1984); *Republic of Panama v. BCCI Holdings, S.A.*, 119 F.3d 935, 945 (11th Cir. 1997); *In re Chase & Sanborn Corp.*, 835 F.2d 1341, 1345 (11th Cir. 1988) (rev'd on other grounds). Therefore, this Court should decline to exercise personal jurisdiction over Defendants Hayes and Widener based on only the RICO Act's service of process statute because it fails to consider relevant due process concerns.

---

[1] Defendants Hayes and Widener recognize that Plaintiff has not attempted to serve process under 18 U.S.C. § 1965(b) because Plaintiff neither made a showing that the ends of justice require these Defendants to be served, nor were Defendants Hayes and Widener served by a marshal of their respective district.

In *Bellaire*, the Fifth Circuit specifically held that:

> Because the personal jurisdiction requirement is a function of the individual liberty interest, the proper focus for a personal jurisdiction test should be on protecting an individual's liberty interest in avoiding the burdens of litigating in a distant or inconvenient forum. *Requiring that the individual defendant in a national service of process case only reside somewhere in the United States does not protect this interest.*

*Bellaire*, 97 F.3d at 826 (emphasis added). In applying the due process analysis, the Eleventh Circuit held that there is no reason to discard "fairness" and "reasonableness" completely when a plaintiff asserts jurisdiction under a federal statute. *Republic of Panama*, 119 F.3d at 945. The Court found that courts must ensure that requiring a defendant to litigate in the forum in which the lawsuit is filed is not unconstitutionally burdensome because this burden at some point reaches a constitutional magnitude. See *Id.* at 945-47 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 484 (1985)).

Therefore, this Court should recognize the burdens of unconstitutional dimension that are imposed on out-of-state defendants such as Defendants Hayes and Widener if nationwide service of process statutes remain without check by the due process clause. Without the due process clause in mind, defendants are subject to personal jurisdiction in literally *any* district in the nation, simply because of these statutes. Congress has the power to draft statutes, however, courts must nonetheless weigh relevant constitutional concerns when exercising jurisdiction.

The First Circuit Court of Appeals has held that due process imposes three requirements on the exercise of personal jurisdiction over out-of-state defendants.[2] *Cambridge Literary Props.v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 295 F.3d 59, 63 (1st Cir. 2002). The defendant, in order to meet the requirements of due process, must have purposeful "minimum

---

[2] Please note that this case did not involve a nationwide service of process statute like the various circuit courts of appeals cases above or the present case, but still undergoes the requisite due process analysis for personal jurisdiction.

8

contacts with the state." *Id.* Second, the exercise of jurisdiction must be reasonable under the circumstances. *Id.* Finally, the plaintiff's claims must be related to the defendant's contacts. *Id.* For these reasons, Defendants Hayes and Widener should not be subject to personal jurisdiction in the District of Massachusetts.

Both Defendant Hayes and Widener lack even the most minute of contacts with the State of Massachusetts. Neither Defendant transacts any regular business affairs in Massachusetts in their official capacities. Any claims that Plaintiff might have against Defendants Hayes and Widener are a result of their official duties *in the State of Ohio*. Any garnishment of Plaintiff's wages was achieved through a Massachusetts Child Support Enforcement Agency's enforcement of a court order *from Ohio*. Plaintiff alleged only that Defendants Hayes and Widener denied him a state hearing on his alleged fraud claims, an event that clearly would have *taken place in Ohio*. The latter two requirements of due process in order to have personal jurisdiction are moot after the first cannot be established because the exercise of jurisdiction in the absence of minimum contacts would clearly be unreasonable and Defendants Hayes and Widener have no contacts in Massachusetts to relate to Plaintiff's claims. Therefore, this Court should dismiss Defendants Hayes and Widener for a lack of personal jurisdiction.

**D.    This Court should dismiss Plaintiff's claims against Defendants because venue is improper.**

Plaintiff's claims should be dismissed due to improper venue for Defendants Hayes and Widener according to either 28 U.S.C. § 1391 or 18 U.S.C. § 1965. Plaintiff alleged in his Complaint that venue is proper in the District of Massachusetts under "28 U.S.C. § 1391." Plaintiff pleaded neither § 1391(a) nor (b) specifically, but § 1391(a) cannot apply to Plaintiff's

case. Section 1391(a) only applies to claims brought under diversity jurisdiction, but a lack of complete diversity[3] destroys diversity jurisdiction.

Likewise, § 1391(b) fails to provide that proper venue lies in the District of Massachusetts. Section 1391(b) provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Section 1391(b)(1) does not support Plaintiff's claim that the District of Massachusetts is the proper venue because all defendants in this case do not reside in the same state. Section 1391(b)(2)'s sub-parts likewise do not support Plaintiff's claims for proper venue in Massachusetts. First, virtually every event that Plaintiff alleges in his Complaint occurred in Ohio, not in Massachusetts. Second, Plaintiff is suing the various defendants for items such as attorney's fees, reversing judgments of the common pleas courts in Ohio, closing Ohio's courts, and for defendants to compensate Plaintiff for all arrearage charges that were allegedly falsely taken from him. Plaintiff's potential remedies include no property in the District of Massachusetts that would support any argument for proper venue under § 1391(b)(2). Finally, § 1391(b)(3) is a catchall provision that applies only if § 1391(b)(1) or (b)(2) cannot be met. Plaintiff may bring his claim in other judicial districts. Thus, resort to § 1391(b)(3) is unnecessary.

Despite Plaintiff's venue statement in his Complaint, § 1391 is only a general provision regarding venue that does not apply in this case. In both subsections (a) and (b), § 1391 provides

---

[3] Plaintiff's Complaint lacks complete diversity because he is from Massachusetts, and Marilyn Smith, a defendant, is from Massachusetts, also.

10

that it applies "*except as otherwise provided by law*." 28 U.S.C. § 1391(a) and (b) (emphasis added). As stated above, Plaintiff specifically pleaded neither subsection (a) nor (b), but this fact is inconsequential—both parts of § 1391 include the exclusionary language above. Thus, Plaintiff's Complaint states inadequate grounds for venue in the District of Massachusetts, and it should be dismissed.

Instead, the RICO Act contains its own venue statute in 18 U.S.C. § 1965. The RICO Act's venue statute provides:

> (a)    Any civil action proceeding under this chapter [18 USCS §§ 1961 et seq.] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965(a). Although Plaintiff specifically pleaded neither of these sections of § 1965 in his Complaint, this Court may nonetheless satisfy itself that venue is improper under the RICO Act's venue statute. In § 1965(a), Defendants Hayes and Widener clearly do not reside in the District of Massachusetts and were not found within that District at the time of service of summons. Similarly, Plaintiff is unable to show that Defendants Hayes and Widener have an agent or that they transact their affairs (i.e., official duties) in the District of Massachusetts.

Defendants Hayes and Widener do not have an agent within the District of Massachusetts, whether expressed or implied. Affording Plaintiff's Complaint its greatest latitude, Plaintiff alleges little against Defendants Hayes and Widener save that he was directed to request a state hearing regarding his alleged fraud claims and was subsequently denied a state hearing after that request was made. Complaint, ¶¶ 49-55. In fact, Plaintiff never specifically mentions Defendant Hayes at all in his Complaint, except for naming him as a Defendant. Then, Plaintiff alleges that Defendants Hayes and Widener violated the RICO Act, in association with other various defendants, by garnishing wages through the Massachusetts Child Support

Enforcement Agency and his Massachusetts employer for his child support obligations. No agency relationship was ever formed or pleaded by Plaintiff to establish that the District of Massachusetts is the proper venue.

In Paragraph 152 of Plaintiff's Complaint, Plaintiff outlines what he feels are five separate, but related, schemes in four different counties and in two states—neither Defendant Hayes nor Defendant Widener are mentioned. Importantly, Franklin County, the residing county of both Defendant Hayes and Defendant Widener, was not even mentioned as a county involved in the alleged RICO violation. In the subsections of Paragraph 152, Plaintiff alleges the acts that were committed in each of these counties that amount to RICO violation. Without any reference to Defendants Hayes and Widener, Plaintiff has not alleged any kind of agency relationship between Defendants Hayes and Widener and the rest of the defendants named in his Complaint.

Additionally, Defendants Hayes and Widener have not transacted any affairs with the District of Massachusetts in order to afford proper venue under 18 U.S.C. § 1965. Defendant Widener and employees under her supervision have been accused of unconscionably ignoring Plaintiff's alleged fraud claims. Complaint, ¶ 49. Defendant Widener received letters from the Plaintiff and responded to them in the course of her official duties. However, this does not reach the level of transacting her affairs in the District of Massachusetts. Plaintiff's only allegations regarding Defendant Widener concern a denial of a state hearing request that, if granted, would have clearly been conducted in Ohio. As stated above, Defendant Hayes' name is conspicuously absent from Plaintiff's Complaint, except for being named as a defendant in the lawsuit.

In the alternative, this Court should transfer venue to the United States District Court for the Southern District of Ohio. Although Plaintiff joined Sherri Z. Heller, Commissioner of the Federal Office of Child Support Enforcement in Washington, D.C., and Marilyn Ray Smith,

Deputy Commissioner of Child Support for the Commonwealth of Massachusetts, who both reside outside of the State of Ohio, the other ten defendants in Plaintiff's action reside in the Southern District of Ohio. Moreover, nearly all of the events that take place in Plaintiff's Complaint actually occurred in Ohio. If there is any place where Defendants Hayes, Widener, and the other Ohio Defendants should be subject to suit, the Southern District of Ohio would be the logical place. In fact, other than the one Massachusetts defendant, Plaintiff is the only individual involved with the lawsuit with any direct ties to the District of Massachusetts. Therefore, if this Court declines to dismiss Plaintiff's action for improper venue, a transfer of venue to the United States District Court for the Southern District of Ohio is appropriate.

### E. In the alternative to dismissal for improper venue, this Court should transfer this case pursuant to forum non conveniens.

In the alternative to Defendant Hayes' and Widener's motion to dismiss or transfer due to improper venue, Defendants Hayes and Widener request that this Court transfer venue to the Southern District of Ohio pursuant to forum non conveniens. The forum non conveniens statute provides that "for the convenience of parties and witnesses, a district court may transfer any civil action to any other *district* or division where it may have been brought." 28 U.S.C. § 1404(a) (emphasis added). 28 U.S.C. § 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). A motion to transfer under § 1404(a) thus calls on the district court to weigh a number of case-specific factors. *Id.* Courts have chosen a range of factors, but none is deemed dispositive of an individual court's discretion to transfer a case under forum non conveniens.

In this case, convenience for all potential witnesses and parties certainly favors a transfer of Plaintiff's case to the United States District Court for the Southern District of Ohio. Ten of

13

twelve defendants named by Plaintiff in his Complaint reside in that jurisdiction, including his ex-wife, who apparently is the center of his claims against defendants. Although a Court may consider where a plaintiff chooses to bring a lawsuit, this is only one factor in the analysis. *Id.* at 31. All of the relevant events surrounding Plaintiff's allegations of conspiracy took place in Ohio, thus the Southern District of Ohio is vastly the more convenient forum in which to decide Plaintiff's claims. Instead of requiring a vast number of individuals to travel to the current forum and in light of the expenses involved, only three of twelve defendants will be required to travel substantial distances if this Court grants Defendant Hayes' and Widener's motion for transfer under forum non conveniens. Therefore, if this Court declines to dismiss Plaintiff's case for any reason, this Court should, at a minimum, transfer Plaintiff's case pursuant to forum non conveniens.

### F. Plaintiff's claims against Defendants should be dismissed for failure to state a claim upon which relief can be granted.

#### 1. This case should be dismissed because the statute of limitations has expired.

Plaintiff's Complaint should be dismissed because it was brought outside the relevant four-year statute of limitations for claims under the RICO Act. The United States Supreme Court has recognized that Congress included no express statute of limitations in the civil enforcement provision of the RICO Act. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 146 (1987). However, the Supreme Court has determined that a four-year statute of limitations is necessary and shall be applied to the RICO Act. *Id.* at 156. In reaching the conclusion that a statute of limitations was necessary, the Court reasoned that federal causes of action brought indefinitely regarding certain events would be "utterly repugnant to the genius of our laws." *Id.*

Moreover, the statute of limitations begins accruing at the earliest moment that the plaintiff could have brought an action under the RICO Act. *Rotella v. Wood*, 528 U.S. 549, 558-59 (2000). Thus, the tolling of the statute of limitations for a RICO claim begins when the situation that the plaintiff alleges first comes to the plaintiff's attention. See *Id*. In cases where the fraud involved does not afford the plaintiff an opportunity to learn of changes in the events while they are occurring, equitable tolling may be employed to start a new statute of limitations from the point where that significant change in events took place. *Id.* at 560-61. The Supreme Court has developed these laws to prevent plaintiffs from sitting idly by for years after their claims have arisen and to encourage greater certainty in establishing potential liability. *Id.* at 559.

Several dates may serve as possible starting points for Plaintiff's RICO claims—all potential dates are beyond the statute of limitations. First, Plaintiff alleges that Tonya Marie Coffey (Nelson) filed a fraudulent affidavit with the Clark County Court of Common Pleas' Magistrate Judge Joel Salway on November 11, 1999. Complaint, ¶ 7. Second, Plaintiff claims that Ms. Coffey visited the Montgomery County Child Support Enforcement Agency on November 24, 1999, and that she convinced them to disregard an alleged October 1994 order from Judge V. Michael Brigner terminating any child support order. Complaint, ¶ 9. In Paragraph 14 of his Complaint, Plaintiff already questions how Ms. Coffey "could utilize two of the most powerful government organizations, the police and the CSEA, to break the law." Complaint, ¶ 14.

At this point,[4] the events that Plaintiff considers actionable had already taken place, and a reasonable individual would be on sufficient notice to bring any existing RICO claims at this

---

[4] In July 2001, Plaintiff alleges that he sent a letter to Defendant Widener appealing for her help and accusing individuals of fraud. Complaint, ¶ 49. Even though his first contact with Defendants Hayes and Widener

15

point. In fact, Plaintiff even acknowledges that he felt something was going on, referring to the events just after November 24, 1999. See Complaint, ¶ 7, 9, 14. Therefore, Plaintiff's claims should have been brought somewhere within the four-year statute of limitations for RICO claims. As they were improvidently brought, Plaintiff's claim should be dismissed.

### 2.   Plaintiff's fraud claims against Defendants Hayes and Widener should be dismissed for a failure to plead them with the requisite particularity.

Plaintiff's general averments that Defendants committed fraud do not meet the standards set forth in Civ. R. 9(b). Rule 9(b) provides that for "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Civ. R. 9(b). At least, Defendants Hayes and Widener have the right to be notified of the events surrounding the fraud they have allegedly committed. Plaintiff only alleges in his Complaint that Defendants made misrepresentations to his employer, bank, the Clark County Common Pleas Court, and to the Plaintiff, and that Defendants in general should have known of the falsity and/or incompleteness of these statements. Complaint, ¶¶ 261-62. Such generic statements against all Defendants named in Plaintiff's lawsuit fail to meet the requisite particularity under Rule 9(a). Therefore, this Court should dismiss Plaintiff's fraud claim against Defendants Hayes and Widener under Civ. R. 9(a) for failing to plead fraud with particularity.

---

was within the four-year statute of limitations, his letters to Defendants Hayes and Widener do not constitute a significant change to the events taking place. He simply wrote a letter requesting a state hearing and was inevitably denied. These events often happen and fail to show any RICO violation in and of themselves.

## V. CONCLUSION

For all of the foregoing reasons, this Court should dismiss Plaintiff's Complaint against Defendants Tom Hayes and China Widener.

Respectfully Submitted,

**JIM PETRO**
Ohio Attorney General

**ADRIANNE M. BLAIR**
Assistant Attorney General
150 East Gay Street, 17th Floor
Columbus, Ohio 43215
(614) 466-0722 (telephone)
(614) 644-9973 (facsimile)
Counsel for Defendants Hayes and Widener

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Motion to Dismiss of Defendants Tom Hayes and China Widener* was sent via regular U.S. mail on this 8th day of June to the following parties: Ralph R. Nelson, Plaintiff Pro Se, 57 Charter Street, Apt. 2A, Boston, MA 02113; Tonya Marie Coffey (Nelson), Defendant, 3316 Bristol Drive, Springfield, Ohio 455503-1606; Sherri Z. Heller, Defendant, Commissioner of the Federal Office of Child Support Enforcement, U.S. Department of Health and Human Services, 370 L'Enfant Promenade, S.W., Washington, D.C. 20447; Dannetta Graves, Defendant, Director, 14 West Fourth Street, Dayton, Ohio 45422; Marilyn Ray Smith, Defendant, Deputy Commissioner of Child Support, The Commonwealth of Massachusetts, Department of Revenue, Child Support Enforcement Division, P.O. Box 7057, Boston, MA 02204; Mark Landes, Esq., Isaac, Brant, Ledman & Teetor, L.L.P., 250 East Broad Street, Suite 900, Columbus, Ohio 43215, Attorney for Defendants Carla Townsend, Clark County Child Support Enforcement Agency, Robert Suver, Director, Clark County Child Support Enforcement Agency, Virginia Brown, Clark County Child Support Enforcement Agency, Sandra Mendenhall, Clark County Child Support Enforcement Agency, Debbie Martineau, Clark County Child Support Enforcement Agency, Holly Payne, Clark County Child Support Enforcement Agency, and Joel Salway, Office of the Magistrate.

_____
Adrianne M. Blair
Counsel for Defendants Hayes and Widener