UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| RALPH R. NELSON,    )<br>    )<br>    Plaintiff    )<br>    )<br>vs.    )<br>    )<br>TONYA MARIE COFFEY (NELSON);    )<br>SHERRI Z. HELLER, CARLA TOWNSEND,    )<br>ROBERT SUVER, DANNETTA GRAVES,    )<br>VIRGINIA BROWN, SANDRA MENDENHALL, )<br> DEBBIE MARTINEAU, HOLLY PAYNE,    )<br>JOEL SALWY, CHINA L. WIDENER,  TOM    )<br>HAYES and MARILYN RAY SMITH,    )<br>    )<br>    Defendants.    )<br>    ) | C.A. No. 04-CV-10845-GAO |

### DEFENDANT MARILYN RAY SMITH'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Marilyn Ray Smith, the Deputy Commissioner of Child Support Enforcement Division of the Massachusetts Department of Revenue ("DOR") hereby moves to dismiss all counts of Plaintiff's Complaint that state a claim against her.  As grounds for this motion, Deputy Commissioner Smith states that Plaintiff has not stated any claims against her but rather against DOR.  Deputy Commissioner Smith states that in Counts One, Two, Three and Four Plaintiff alleges a series of violations of the Racketeering Influenced Corrupt Organizations ("RICO") act, 18 U.S.C. § 1962, by DOR and other defendants.  These Counts must be dismissed against DOR and Deputy Commissioner Smith because DOR is not a person within the meaning of the RICO statute and is incapable of forming the requisite intent to commit the predicate offenses necessary for the success of a RICO claim.  Additionally, Plaintiff fails to allege the

predicate offenses with the necessary particularity and fails to allege some of the elements necessary to state a claim under 18 U.S.C. § 1962.  Accordingly, Counts One, Two, Three and Four must be dismissed as against DOR and Deputy Commissioner Smith.

In Count Five, Plaintiff alleges mail fraud by the defendants, in violation of 18 U.S.C. § 1341(h).  This count must be dismissed because the section cited by Plaintiff is a criminal statute that does not provide for a private right of action.  Even if it did, DOR is incapable of forming the requisite intent to commit mail fraud.

Similarly, in Count Eight Plaintiff alleges a violation of the Hobbs Act, 18 U.S.C. § 1951.  As with the mail fraud count, this must be dismissed because the statute does not provide Plaintiff with a private right of action.  Additionally, DOR is incapable of forming the requisite intent to commit a violation of the Hobbs Act.

In Count Five [*sic*], Plaintiff alleges that the defendants engaged in fraud.  This count must be dismissed because Plaintiff has not alleged and cannot establish all of the required elements necessary to make out a case for fraud.  Specifically, Plaintiff has not alleged and will not be able to establish that Deputy Commissioner Smith and/or DOR knew that statements they may have made to others about Plaintiff's child support payments were false.  Additionally, the fraud count must be dismissed because Plaintiff has failed to make the written presentment of tort claims required by Mass.Gen.L. c. 258, § 4.  Further, DOR is immune from liability for intentional torts, such as fraud.

Futher, in Count Seven Plaintiff alleges that the defendants were negligent toward him and that, as a result he suffered damages.  This count must be dismissed against Deputy Commissioner Smith and DOR for several reasons.  First, any tort claims against

the Commonwealth of Massachusetts, or any subsidiary or representative, thereof, must be brought pursuant to M.G.L. c. 258, § 2.  In order to pursue a tort claims against a public employer or employee in the Commonwealth, the plaintiff must first comply with the presentment requirements set forth in M.G.L. c. 258, § 4.  Plaintiff has not alleged that he did so.  Accordingly, Plaintiff's negligence claim must be dismissed for failure to comply with the presentment requirement.  Accordingly, Count Seven must also be dismissed.

     A memorandum of law is submitted in support of this motion.

     WHEREFORE, Deputy Commissioner Smith respectfully requests that Plaintiff's Complaint be dismissed as against her and DOR.

     Respectfully submitted,
DEPUTY COMMISSIONER MARILYN RAY SMITH

By her attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Sarah M. Joss
Sarah M. Joss, BBO #651856
Assistant Attorney General
Trial Division
One Ashburton Place
Boston, MA  02108
(617) 727-2200

Dated: July 14, 2004

## **CERTIFICATE OF SERVICE**

I, Sarah M. Joss, Assistant Attorney General, hereby certify that I have this day, July 14, 2004, served the foregoing document upon the parties, by mailing a copy, first class, postage prepaid to:

1. Ralph R. Nelson
   57 Charter Street, Apt. 2A
   Boston, MA  02113

2. Tonya M. Nelson
   3316 Bristol Drive
   Springfield, OH  45503

3. Dannetta Graves
   c/o 1111 Edwin C. Moses Blvd.
   Dayton, MA  45402

4. Adrianne M. Blair
   Ohio Attorney General
   Health Care Fraud Section
   150 East Gay Street, 17th Floor
   Columbus, OH  43215

5. Marcell N. Dezarn
   Montgomery County Prosecuting Attorney
   Dayton-Montgomery County Courts Building
   5th Floor
   P.O. Box 972
   301 West Third Street
   Dayton, OH  45422

6. Joanne Goulka
   Frank J. Federico, Jr.
   Griffin & Goulka
   92 Montvale Avenue, Suite 2700
   Stoneham, MA  02180

7. Mark Landes
   Matthew T. Hollis
   Isaac, Brant, Ledman & Teetor, LLP
   250 East Broad Street, Suite 900
   Columbus, OH  43215

/s/ Sarah M. Joss_____
Sarah M. Joss