UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH R. NELSON,        )<br>                              )<br>        Plaintiff       )<br>                              )<br>vs.                            )<br>                              )<br>TONYA MARIE COFFEY (NELSON);   )<br>SHERRI Z. HELLER, CARLA TOWNSEND, )<br>ROBERT SUVER, DANNETTA GRAVES, )<br>VIRGINIA BROWN, SANDRA MENDENHALL, )<br>DEBBIE MARTINEAU, HOLLY PAYNE, )<br>JOEL SALWY, CHINA L. WIDENER, TOM )<br>HAYES and MARILYN RAY SMITH,   )<br>                              )<br>        Defendants.    )  | C.A. No. 04-CV-10845-GAO |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT MARILYN RAY SMITH'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Marilyn Ray Smith, Deputy Commissioner of Child Support Enforcement Division of the Massachusetts Department of Revenue ("DOR") moves to dismiss all counts of Plaintiff's Complaint that state a claim against her. As grounds for this motion, Deputy Commissioner Smith notes that the claims in Plaintiff's Complaint are against DOR, not against her and further states that Plaintiff's claims fail as a matter of law.

BACKGROUND

Plaintiff brings this Complaint against a variety of defendants alleging civil violations of 18 U.S.C. § 1962, the Racketeering Influenced Corrupt Organizations ("RICO") act. Plaintiff also alleges mail fraud, fraud, negligence and Hobbs Act (18 U.S.C. § 1951) violations against Deputy Commissioner Smith. It is clear from

Plaintiff's allegations that he makes his complaint against DOR rather than Deputy Commissioner Smith.  None of the factual allegations contained in Plaintiff's Complaint allege any specific actions or inactions by Deputy Commissioner Smith herself.  Instead, the Complaint refers, at various points, to the "Massachusetts child support enforcement agency."  Complaint at ¶¶ 152 (3), 165 (3), 176 (3).  The Child Support Enforcement Division, for which Deputy Commissioner Smith works, is a division of DOR.  M.G.L. c. 14, § 1A.  It is, thus, against DOR that Plaintiff makes his Complaint.

## ARGUMENT

I. Counts One, Two, Three and Four Must Be Dismissed.

In Counts One through Four, Plaintiff alleges violation of each of the four subsections of 18 U.S.C. § 1962, the RICO statute.  Each of these counts must be dismissed for several reasons.  First, the counts must be dismissed because DOR is not a "person" within the meaning of 18 U.S.C. § 1962.  Second, DOR could not form the intent necessary to commit the offenses required to constitute a pattern of racketeering activity.  Third, Plaintiff fails to allege several of the elements necessary to make out violations of the RICO statute.

A. DOR cannot be a "person" for purposes of the RICO statute.

In order to be found liable for a civil RICO violation, a defendant must first be a "person" within the meaning of the statute.  18 U.S.C. § 1961, *et seq.*  As noted above, Plaintiffs allegations are directed at DOR, not at Deputy Commissioner Smith.  Complaint at ¶¶ 152 (3), 165 (3), 176 (3).  DOR, an agency, is not a "person" within the meaning of the RICO statute.

For example, in the paragraphs detailing the letters he received between September 30, 2002 and August 31, 2003 (Complaint at ¶¶ 91- 114), Plaintiff refers to

letters from DOR, not from a particular person.  Further, in each of Counts One through Four, Plaintiff refers to "the Massachusetts child support enforcement agency." Complaint at ¶¶ 152 (3), 165 (3) and 176 (3).  He does not even mention Deputy Commissioner Smith.  The only contact Plaintiff alleges with Deputy Commissioner Smith is the letter that he sent to her on October 29, 2002.  Complaint at ¶ 94.  It thus appears that Plaintiff names Deputy Commissioner Smith as a defendant purely as a substitute for naming DOR directly.

An agency cannot qualify as a "person" under the RICO statute.  See, e.g., Lancaster Community Hospital v. Antelope Valley Hospital District, 940 F.2d 397, 404 (9th Cir. 1991), cert. denied 502 U.S. 1094 (1992); U.S. ex rel Satalich v. Los Angeles, 160 F.Supp.2d 1092, 1105 (C.D.Cal. 2001).  As such, an agency cannot be held liable for a violation of the RICO statute.  As Plaintiff's claims are actually against DOR, not Deputy Commissioner Smith, they must be dismissed because DOR is an agency, not a person.

        B.  <u>DOR cannot form the requisite intent to commit the predicate offenses.</u>

In order to be held liable for a violation of 18 U.S.C. §1962, a defendant must not only be a "person," the defendant must also have engaged in a pattern of racketeering activity.  A defendant engages in a "pattern of racketeering activity" by committing at least two of the predicate offenses listed in 18 U.S.C. § 1961(1).

As detailed above, Plaintiff claims that "the Massachusetts child support enforcement agency" (Complaint at ¶¶ 152(3), 165(3), 176 (3)), not Deputy Commissioner Smith, engaged in a pattern of racketeering activity and violated § 1962. A government agency, such as DOR, however, lacks the ability to form the requisite

intent to commit the predicate offenses.  Here, Plaintiff alleges predicate offenses of: mail fraud, wire fraud, "[i]nterference with commerce, robbery, or extortion," racketeering and "[t]he Hobbs Act."[1]  Complaint at ¶¶ 141, 155, 168 and 179.  In examining the question of a governmental agency's ability to commit one of the offenses that would support a civil RICO claim, courts have found that agencies are simply incapable of forming the necessary intent.  See, e.g., Vincent T. Garza Contracting Services, Inc. v. Harlandale I.S.D. Public Facilities Corp., 2003 WL 23009259, *3 (W.D. Tex. 2003) (holding that "a municipal entity[] is incapable of forming the criminal intent necessary to support the alleged predicate offenses"); Dammon v. Folse, 846 F.Supp. 36, 37-39 (E.D.La. 1994) (holding that a municipal corporation is not only incapable of forming the requisite intent, but also that imposition of RICO liability would be inappropriate because it would not serve any deterrent purpose); Nu-Life Construction v. Board of Education, 779 F.Supp. 248, 251-52 (E.D.N.Y. 1991) and cases cited therein.

As a matter of law, DOR cannot form the intent necessary to commit the predicate offenses Plaintiff alleges.  Accordingly, Counts One through Four must be dismissed because there can be no RICO violation without commission of at least two predicate offenses.

        C.     Plaintiff fails to allege necessary elements.

            1.     Count One:  §1962(a)

                a.     The elements

In order to set forth a case for a civil RICO violation under 18 U.S.C. § 1962(a), a plaintiff must allege that the each of the defendants is (1) a person who (2) participated as

---

[1] Plaintiff merely mentions the Hobbs Act.  He does not make clear whether and, if so, how he believes the defendants, much less DOR, violated it.

a principal in (3) a pattern of racketeering activity, (4) derived income from that pattern of racketeering activity, (5) and invested or used that income in the acquisition, establishment or operation (6) of an enterprise (7) that affects interstate of foreign commerce.  18 U.S.C. § 1962(a).

More specifically, to succeed under §1962(a), Plaintiff must allege that his injury is a result of the investment or use of the income the defendant(s) derived from the racketeering activity.  See, e.g., Fogie v. Thorn Americans, Inc., 190 F.3d 889, 895 (8th Cir. 1999) ("RICO gives only individuals who have suffered injury from the use or investment of racketeering income standing to bring a civil suit under §§ 1962(a) and 1984(c)").  It is not sufficient for Plaintiff to allege that he was injured as a result of the defendants having gained income through racketeering activity.  The injury must result from the investment or use of that income.

Additionally, where a plaintiff alleges predicate acts of mail or wire fraud, those predicate acts must be pleaded with particularity.  New England Data Services, Inc. v. Becher, 829 F.2d 286, 290 (1st Cir. 1987).  This means that the plaintiff must allege for each predicate act of mail or wire fraud "the identity of the person who made the [mis]representation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  Slaney v. International Amateur Athletic Fed'n, 244 F.3d 580, 599 (7th Cir. 2001).

        b.      What Plaintiff failed to allege

Plaintiff fails to allege a number of the elements necessary for the successful maintenance of a civil RICO claim under § 1962(a).  Initially, Plaintiff does not even mention DOR or Deputy Commissioner Smith in Count One.  That alone is a sufficient

reason to dismiss Count One against Deputy Commissioner Smith.  Further, Plaintiff fails to allege any affect on interstate or foreign commerce in Count One.

Plaintiff fails to allege that DOR derived any income from participation in a pattern of racketeering activity.  Rather, all of the money Plaintiff refers to in the Complaint was collected from him as child support to be paid to defendant Tonya Marie Coffey.  As such, this money could not have constituted "income" for DOR or Deputy Commissioner Smith, only for Ms. Coffey.

Additionally, even if the money Plaintiff references was taken from him by the operation of racketeering activities, it was not, under a fair reading of Plaintiff's allegations, invested or used in the acquisition, establishment or operation of the enterprise.  Instead, it was paid to Ms. Coffey as child support.  Plaintiff makes no allegation that any of the "income" was disposed of in any way other than in payment of child support.  Thus, the income was not invested or used in the acquisition, establishment or operation of the enterprise.  Additionally, Plaintiff's allegation is not that he was injured as a result of the *investment* or *use* of the income in the enterprise, but rather that he was injured by the taking of the child support in the first instance.  This is not sufficient to make out a violation of §1962(a).  See, e.g., Compagnie De Reassurance v. New England Reinsurance Corp., 57 F.3d 56, 91-92 (1st Cir. 1995) (holding that injury from the predicate acts alone is not sufficient to establish a violation of § 1962(a), rather plaintiffs must show "that they were harmed additionally by [the defendants'] use or investment of the proceeds of" the racketeering activities); Fogie, 190 F.3d at 895 (requiring the injury to result from the investment or use of the income); .

Nor does Plaintiff allege the predicate offenses with the required particularity. While Plaintiff references a series of letters sent by DOR, he fails to establish these letters as mail fraud.[2] The elements of mail fraud are "(1) the devising or attempting to devise a scheme or artifice to defraud; (2) the knowing and willing participation in the scheme with the specific intent to defraud; and (3) the use of the mails in furtherance of the scheme." United States v. Montminy, 936 F.2d 626, 627 (1st Cir. 1991). While Plaintiff clearly alleges that Ms. Coffey "knew [the] arrearage charge was fraudulent," he makes no equivalent assertion concerning DOR. Plaintiff simply does not allege the above-listed elements for any of the asserted instances of mail fraud. Nor does Plaintiff allege the other predicate offenses (wire fraud, "[i]nterference with commerce, robbery, or extortion," racketeering or "[t]he Hobbs Act") with any of the required specificity. For these reasons, as well as those set forth above, Count One should be dismissed as against DOR[3].

        2.       Counts Two and Three: § 1962(b) and (c)

            a.       The elements

In order to set forth a case for a civil RICO violation under 18 U.S.C. § 1962(b) and (c), a plaintiff must allege:

> (1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.

---

[2] Even if he did establish these letters as meeting the requirements of mail fraud, as noted above, DOR lacks the ability to commit mail fraud because it cannot form the requisite intent.

[3] As noted above, Plaintiff's claims are against DOR, not against Deputy Commissioner Smith. Accordingly, this memorandum of law seeks dismissal of charges against DOR and Deputy Commissioner Smith.

Moss v. Morgan Stanley, Inc.,719 F.2d 5, 17 (2d Cir. 1983), quoting 18 U.S.C. § 1962 (a) – (c). As with a claim under § 1962(a), it is not enough that Plaintiff was injured as a result of the alleged racketeering activity. Instead,

> [i]n order to recover under Section 1962(b), "a plaintiff must show injury from the defendant's acquisition or control of an interest in a RICO enterprise, in addition to injury from the predicate acts." … "In addition, the plaintiff must establish that the interest or control of the RICO enterprise by the person is as a result of racketeering."

Nanya-Nashut, ex rel Hand v. Bankone, 2003 WL 22078022, *5 (E.D.Pa. 2003), quoting Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1190 (3d Cir. 1993) (citations omitted). Further, as set forth above, Plaintiff was required to plead with particularity the alleged predicate acts of mail and wire fraud. New England Data Services, Inc., 829 F.2d at 290.

                              b.        What Plaintiff failed to allege

Plaintiff fails to allege a proper enterprise, thereby failing to allege the necessary elements for a § 1962 (b) or (c) violation. First, Plaintiff alleges that a non-party (the federal "Child Support Enforcement Agency") operated as an enterprise and that such enterprise had an effect on interstate commerce. Complaint at ¶¶ 149, 162. Plaintiff's assertion fails, however, because a federal agency (the non-party referenced in the Complaint) cannot constitute an enterprise for the purposes of a RICO violation. See, e.g., Donahue v. Federal Bureau of Investigation, 204 F.Supp.2d 169, 173 (D. Mass. 2002) (adopting reasoning of other federal courts that "have addressed the question" of whether a federal agency may constitute a RICO enterprise and "rejecting the liability of federal agencies"). Second, Plaintiff does not allege that DOR (or Deputy Commissioner Smith) acquired or controlled the alleged enterprise. Third, Plaintiff does not allege that his injuries were a result of any such acquisition or control. Instead, as with his

allegations under Count One, Plaintiff alleged injuries resulted from the payment of child support, not from any acquisition or control of an enterprise.

In addition to the enterprise allegation deficiencies, Plaintiff's allegations concerning an effect on interstate commerce must fail because the federal child support enforcement agency cannot constitute an enterprise. Thus, Plaintiff has not alleged the existence of an enterprise with an effect on interstate commerce. Nor, as set forth, does Plaintiff plead the predicate offenses with the necessary specificity. Accordingly, Counts Two and Three should be dismissed as against DOR.

### 3. Count Four: § 1962(d)

#### a. The elements

In order to state a claim for a civil RICO violation under 18 U.S.C. § 1962(d), a plaintiff must allege that

> "a conspirator … intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense." Salinas[v. United States], 522 U.S. 52, 65 (1997). For purposes of conspiracy liability, a plaintiff is not required to show that each defendant agreed to commit two predicate acts. Id.; United States v. Frega, 179 F.3d 792, 810 n.21 (9th Cir. 1999). Rather, the defendant "must have been aware of the essential nature and scope of the criminal enterprise and intended to participate in it." Howard v. America Online Inc., 208 F.3d 741, 751 (9th Cir. 2000).

Dooley v. Crab Boat Owners Ass'n, 2004 WL 902361, *8 (N.D.Cal. 2004).

#### b. What Plaintiff fails to allege

Plaintiff does not allege that DOR was aware of "the essential nature and scope of the criminal enterprise." Nor does Plaintiff allege that DOR intended to participate in such an enterprise. As set forth above, Plaintiff fails to allege the existence of a legally cognizable enterprise. Plaintiff also fails to allege the predicate acts with the required

specificity. For these reasons, as well as those set forth above, Count Four should be dismissed as against DOR.

> II. Counts Five (Mail Fraud) And Eight (Hobbs Act) Must Be Dismissed Because Plaintiff Is Not Afforded A Private Right Of Action.
>
>> A. There is no private right of action for mail fraud, under 18 U.S.C. § 1341.

In Count Five, Plaintiff alleges that DOR engaged in mail fraud. Complaint at ¶¶ 251 – 259. As support for this, Plaintiff asserts that DOR sent him a letter stating that he was in arrears on his child support payments. Id. Plaintiff alleges that this communication is fraudulent because he was up-to-date in his child support payments.

Plaintiff brings his claim of mail fraud under 18 U.S.C. § 1341. Section 1341 does not provide citizens with a private right of action for mail fraud. See, e.g., Swartz v. Schering-Plough Corp., 53 F.Supp.2d 95, 105 (D.Mass. 1999) (holding that "there is not a private right of action for mail… fraud under either Massachusetts or federal law…. While federal law criminalizes mail fraud… it does not give rise to a private right of action"); Bell v. Health-Mor, Inc., 549 F.2d 342, 346 (5th Cir. 1977). Instead, the mail fraud statute is a criminal statute and pursuing violations is the prerogative of the federal government. A private citizen may not pursue a claim of mail fraud. Swartz, 53 F.Supp.2d at 105. Accordingly, Count Five must be dismissed for failure to state a claim upon which relief can be granted.

Additionally, even if Plaintiff could pursue a private right of action under 18 U.S.C. § 1341, his claim would fail as against DOR. As set forth above, as an agency, DOR is incapable of forming the requisite intent to commit mail fraud. Vincent T. Garza Contracting Services, Inc., 2003 WL 23009259 at *3.

    B.  <u>There is no private right of action for violations of the Hobbs Act, 18 U.S.C. § 1951.</u>

In Count Eight, Plaintiff alleges that DOR violated the Hobbs Act, 18 U.S.C. § 1951. Specifically, Plaintiff alleges that DOR did so by "induc[ing] or attemt[ing] to induce …the plaintiff[] to give up property or property rights…." Complaint at ¶ 279. He further alleges that DOR did so by "us[ing] the …plaintiff['s] reasonable fear of physical injury and economic harm in order to induce the [plaintiff's] consent." <u>Id.</u> at ¶ 280.

As with the mail fraud statute, the Hobbs Act does not provide citizens with a private right of action. <u>See</u>, e.g., <u>Wisdom v. First Midwest Bank</u>, 167 F.3d 402, 408-09 (8th Cir. 1999) (holding that "neither the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by Congress to create a private right of action" and upholding dismissal of the private claim for violation of § 1951); <u>Bajorat v. Columbia-Breckenridge Dev. Corp.</u>, 944 F.Supp. 1371, 1378 (N.D.Ill. 1996). Like the mail fraud statute, the Hobbs Act is a criminal statute. Violations may be pursued solely by federal prosecutors, not by individual citizens. Accordingly, Count Eight must be dismissed for failure to state a claim upon which relief can be granted.

Even if Plaintiff could state a private cause of action for a violation of 18 U.S.C. § 1951, Plaintiff's claim would fail. As set forth above, DOR, as an agency, is incapable of forming the requisite intent to commit a violation of the Hobbs Act. As such, Plaintiff would not be entitled to relief under 18 U.S.C. § 1951.

  III.  <u>Count Five (Fraud) Must Be Dismissed.</u>

Plaintiff alleges that the defendants engaged in fraud by making "misrepresentations" about him to "national credit reporting agencies, to the plaintiff's

employer's [*sic*], to the plaintiff's bank, [and] to the Clark County Common Pleas court."
Plaintiff's claim fails for several reasons. Specifically, Plaintiff failed to allege the
asserted fraud with particularity, he failure to allege that DOR knew any statements by it
were false, he failed to make presentment of his claim as required by Massachusetts
General Laws c. 258, § 4. Additionally, DOR is immune from liability for intentional
torts. M.G.L. c. 258, § 10(c). Accordingly, Count Five[4] must be dismissed for failure to
state a claim upon which relief can be granted.

> In order to set out a claim for fraud, a plaintiff must:
>> prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to [its] damage.

Kilroy v. Barron, 326 Mass. 464, 465 (1950). Additionally, under Federal Rule of Civil
Procedure 9(b), Plaintiff is required to allege fraud with particularity. In other words,
Plaintiff must not only allege that the defendants made misrepresentations, he must set
forth the content of such misrepresentations, to whom they were made, and when they
were made. Slaney, 244 F.3d at 599. Plaintiff failed to set forth any of these details.

Plaintiff has not alleged each of the necessary elements and cannot, therefore,
state a claim for fraud against any of the defendants, much less against DOR or Deputy
Commissioner Smith. Specifically, Plaintiff has not alleged the DOR or Deputy
Commissioner Smith knew of the falsity of any statements made concerning the
arrearage. Having failed to allege this element, Plaintiff's claim must be dismissed.

Even had Plaintiff alleged this element, his claim of fraud must be dismissed as
against DOR. Earlier in the Complaint, Plaintiff implies that DOR had no knowledge of

---

[4] Plaintiff's Complaint has two counts labeled Count Five. This section pertains to the second of those, labeled "COUNT FIVE FRAUD."

the falsity of any statements concerning arrearage. He specifically alleges that other defendants (likely referring to Ms. Coffey) "exploit[ed] the Massachusetts Child Support Enforcement agencies['] lack of due diligence…." Complaint at ¶ 251. In this paragraph, Plaintiff's allegation may bolster his claim for negligence, but he clearly undermines his allegation of fraud by implying that DOR had no knowledge that Plaintiff was not in arrears. In implying that, Plaintiff affirms that while Ms. Coffey may have known that Plaintiff was not in arrears, DOR did not possess the same knowledge. In order to succeed on a claim for fraud, Plaintiff must establish that DOR knew when it made statements about Plaintiff being in arrears on his child support payments that such statements were false.[5] Plaintiff himself has implied the contrary. Accordingly, Plaintiff's claim for fraud must be dismissed as against DOR.

Further, Plaintiff's claim for fraud must be dismissed as against DOR because Plaintiff has not made the necessary presentment. Under M.G.L. c. 258, § 4, a plaintiff must make written presentment of any tort claims to the executive officer of a public employer before initiating suit on such claims. Deputy Commissioner Smith is a public employee. M.G.L. c. 258, § 1; Complaint at ¶ 5. DOR is a public employer. M.G.L. c. 258, § 1; M.G.L. c. 14, § 1; Complaint at ¶ 5. As such, if Plaintiff elects to bring a tort

---

[5] "The speaker need not know 'that the statement is false if the truth is reasonably susceptible of actual knowledge, or otherwise expressed, if, through a modicum of diligence, accurate facts are available to the speaker.'" Zimmerman v. Kent, 31 Mass.App.Ct. 72, 77 (1991), quoting Acushnet Federal Credit Union v. Roderick, 26 Mass.App.Ct. 604, 605 (1988). Where, as here, however, a defendant has relied on a court decree from another state, it should not be charged with a duty to investigate further. Imposition of such a duty would violate the notion that states are on equal footing vis-à-vis each other and would run contrary to the notion of comity. See, e.g., Crooked Lake Development v. Emmet County, 763 F.Supp. 1398, 1402 (W.D.Mich. 1991) (holding that "[t]his court will not engage in second guessing the state court as to its final orders. Granting preclusive effect to issues decided by state courts reduces unnecessary litigation, fosters reliance on adjudication, and also promotes the comity between state and federal courts that has been recognized as a bulwark of the federal system"

claim against DOR[6] he must first make written presentment of such claims.  M.G.L. c. 258, § 4.

A claim for fraud sounds in tort.  See, e.g., Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 813 (1992) (noting that "[a]t common law, fraud is a claim which may sound in tort"); Stolzoff v. Waste Systems International, 58 Mass.App.Ct. 747, 755 (2003) (referring to fraud as a common-law tort).  Accordingly, Plaintiff was required by M.G.L. c. 258, § 4 to make written presentment of his fraud claim to the executive officer of DOR.  Plaintiff makes no allegation that he has made any written presentment.  Having failed to do so, Plaintiff may not pursue his tort claim against either Deputy Commissioner Smith or DOR.  Tivnan v. Registrar of Motor Vehicles, 50 Mass.App.Ct. 96, 103 (2000) (holding that "[f]ailure to comply with the presentment requirement is fatal"); G&B Associates v. Springfield, 39 Mass.App.Ct. 51, 54 (1995), quoting Vasys v. Metropolitan District Commission, 387 Mass. 51, 55 (1982) (holding that "[i]f the claimant fails to make any presentment of his or her claim prior to bringing an action against the public employer, 'the plaintiff's complaint is subject to dismissal on a motion made under Mass.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted'").  Accordingly, Plaintiff's claim for fraud must be dismissed as against DOR.

Further, even had Plaintiff made proper presentment, his claims are, as noted above, brought not against Deputy Commissioner Smith, but against DOR.  Fraud is an

---

[6] Remedies against public employees, such as Deputy Commissioner Smith, are included in the claims contemplated by M.G.L. c. 258.  See M.G.L. c. 258, § 2 ("[t]he remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against … the public employee … whose negligent or wrongful act or omission gave rise to such claim, and no such public employee … shall be liable for any injury or loss of property … caused by his negligent or wrongful act or omission while acting within the scope of his office or employment…").

intentional tort.  <u>Mohr v. Commonwealth</u>, 421 Mass. 147, 166-67 n. 16 (1995) (affirming jury instruction that classified fraud as an intentional tort).  Plaintiff is prohibited from pursuing a claim for an intentional tort against a public employer under M.G.L. c. 258, § 10(c).  Section 10(c) provides public employers immunity from liability for intentional torts.  Accordingly, Plaintiff cannot pursue this claim against DOR.[7]

    IV.    <u>Count Seven Must Be Dismissed.</u>

In Count Seven, Plaintiff alleges negligence by DOR.  Complaint at ¶¶ 27-277.  Plaintiff's claim for negligence must be dismissed as against DOR because Plaintiff has not made the necessary presentment.  As set forth above, Plaintiff must make written presentment of any tort claims to the executive officer of a public employer before initiating suit on such claims.  M.G.L. c. 258, § 4.  Deputy Commissioner Smith is a public employee.  M.G.L. c. 258, § 1; Complaint at ¶ 5.  DOR is a public employer.  M.G.L. c. 258, § 1; M.G.L. c. 14, § 1; Complaint at ¶ 5.  As such, if Plaintiff elects to bring a tort claim against DOR he must first make written presentment of such claims.  M.G.L. c. 258, § 4.

Plaintiff's negligence claim sounds in tort.  Accordingly, Plaintiff was required by M.G.L. c. 258, § 4 to make written presentment of his negligence claim to the executive officer of DOR.  Plaintiff makes no allegation that he has made any written presentment.  Having failed to do so, Plaintiff may not pursue his tort claim against DOR.  <u>See</u>, <u>e.g.</u>, <u>Tivnan</u>, 50 Mass.App.Ct. at 103; <u>G&B Associates</u>, 39 Mass.App.Ct. at 54.  Accordingly, Plaintiff's claim for negligence must be dismissed as against DOR.

---

[7] Admittedly, Plaintiff would not be barred by M.G.L. c. 258, § 10(c) from pursuing such a claim against Deputy Commissioner Smith.  As seen throughout the Complaint, however, Plaintiff does not make a claim against Deputy Commissioner Smith, but rather against DOR.  None of Plaintiff's allegations of wrongdoing concern or even mention Deputy Commissioner Smith.  Instead, they refer to DOR.

As noted above, Plaintiff's Complaint does not state any claim against Deputy Commissioner Smith. Instead, it attempts to assert a variety of claims against her employer, DOR. DOR will not take a contrary position here. It merely notes that if the Court finds that the Plaintiff's claims are in fact asserted against Deputy Commissioner Smith, rather than against DOR, Plaintiff may not pursue his negligence claim against her. As set forth in Mass.Gen.L. c. 258, § 10(a), a plaintiff may not pursue a claim of negligence against a public employee. See also, M.G.L. c. 258, § 2. Such claims may be pursued solely against a public employer. Accordingly, if this Court determines that Plaintiff's claims are actually asserted against Deputy Commissioner Smith, the negligence count must be dismissed as barred by M.G.L. c. 258 §§ 2 and 10(a).

Regardless of whether the Court determines that Deputy Commissioner Smith or DOR is the defendant against which Plaintiff has asserted his claims,[8] the negligence count must be dismissed. Plaintiff failed to make written presentment of his negligence claim as required by M.G.L. c. 258, § 4. Accordingly, Count Seven must be dismissed for failure to make the required presentment.

---

[8] DOR contends that the claims are asserted against it, as set forth in detail above.

CONCLUSION

WHEREFORE, Deputy Commissioner Smith[9] respectfully requests that all claims against DOR (and her) be dismissed.

>Respectfully submitted,
>DEPUTY COMMISSIONER MARILYN RAY SMITH
>
>By her attorneys,
>
>THOMAS F. REILLY
>ATTORNEY GENERAL
>
>
>/s/ Sarah M. Joss
>Sarah M. Joss, BBO #651856
>Assistant Attorney General
>Trial Division
>One Ashburton Place
>Boston, MA  02108
>(617) 727-2200

Dated: July 14, 2004

---

[9] As noted above, Deputy Commissioner Smith is clearly named as a substitute for naming DOR directly. All arguments in this memorandum of law concern dismissal of claims not only against Deputy Commissioner Smith but also against DOR.

## **CERTIFICATE OF SERVICE**

I, Sarah M. Joss, Assistant Attorney General, hereby certify that I have this day, July 14, 2004, served the foregoing document upon the parties, by mailing a copy, first class, postage prepaid to:

1. Ralph R. Nelson
   57 Charter Street, Apt. 2A
   Boston, MA  02113

2. Tonya M. Nelson
   3316 Bristol Drive
   Springfield, OH  45503

3. Dannetta Graves
   c/o 1111 Edwin C. Moses Blvd.
   Dayton, MA  45402

4. Adrianne M. Blair
   Ohio Attorney General
   Health Care Fraud Section
   150 East Gay Street, 17th Floor
   Columbus, OH  43215

5. Marcell N. Dezarn
   Montgomery County Prosecuting Attorney
   Dayton-Montgomery County Courts Building
   5th Floor
   P.O. Box 972
   301 West Third Street
   Dayton, OH  45422

6. Joanne Goulka
   Frank J. Federico, Jr.
   Griffin & Goulka
   92 Montvale Avenue, Suite 2700
   Stoneham, MA  02180

7. Mark Landes
   Matthew T. Hollis
   Isaac, Brant, Ledman & Teetor, LLP
   250 East Broad Street, Suite 900
   Columbus, OH  43215

/s/ Sarah M. Joss_____
Sarah M. Joss