UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Ralph R. Nelson

Case # 1:04-cv- 10845GAO
Judge Nathaniel M. Gorton
Clerk Mr. Mark Barrette

Plaintiff's Plea :

v.

**<u>Defendant Marilyn Ray Smith Must Not Be Dismissed</u>**

Tonya Marie Coffey (Nelson)

et all

---

On Monday July 12, 2004, I received a letter from the Commonwealth of Massachusetts Assistant Attorney General Sarah M. Joss indicating attorney Joss was representing Marilyn Ray Smith. Attorney Joss stated she would be filing a motion to dismiss on behalf of Marilyn Ray Smith, and would I " please contact (attorney Joss) as soon as ( I ) receive this letter so that we may discuss a resolution".

I telephoned attorney Joss and informed her that I was indeed interested in meeting to "discuss a resolution". Attorney Joss indicated there would be no meeting to resolve these issues. In closing, attorney Joss responded, "we're not going to make it that easy!"

I would like to address this bullying attitude first. After Tonya Marie Coffey (Nelson) contacted my employer in December 2001 with the sole, and evil, intention of causing me to lose my job, ( see paragraphs 74 - 78 of the complaint ), I was obviously despondent over the helplessness of protecting myself from this predator who has vowed to destroy me. ( Understand, when Tonya Marie Coffey (Nelson's) father took the stand in the Clark County Common Pleas court, the first question asked of him by attorney Knapp was, " do you consider yourself to be a violent person ? " To which Mr. Coffey responded " yes I do consider myself to be a violent person." ) Knowing the Massachusetts Attorney General's office was fluent in Massachusetts's anti-stalking laws, I contacted the Massachusetts Attorney General's office to ask for help. I received no assistance. The only people who responded with concern and empathy was Senator John Kerry's office. If the Massachusetts Attorney General's office had found the time back in December 2001 for this tax paying citizen and veteran of this Commonwealth, then perhaps this horrific situation would not have escalated to this current level.

That being said, I must beg this court not to dismiss Marilyn Ray Smith, on the most

important grounds - the impact this would have upon my children. I will explain :

1. There exists a very significant relationship between Massachusetts DOR/CSE and the State of Ohio CSE. As one example. Before filing this case the Massachusetts DOR/CSE mailed to me a letter stating my child support arrearage was $0. After filing this case the Massachusetts DOR/CSE mailed to me a bill for $13,825.29 arrearage. (Dated 6/17/04). On 6/24/04 I faxed to Deborah A. Martineau at the Clark County CSEA a request for a "detailed account, month by month, demonstrating how this figure was created." As of today, four weeks later, I have received no response.

Wednesday July 14, 2002, I took time off from work and went to the Massachusetts DOR/CSE Metro office to request documentation on how this figure was created. The first women I met with was so overflowing with hatred towards me, ( an individual she had never met ), she could barely remain in the same room with me. (To which I would like to respond - don't hate me because I will not give up on my kids. My kids begged me not to give up.) Fortunately the manager made himself available. And I thank him for his professionalism. He informed me that Massachusetts did not have the information - even though Massachusetts sent me the bill. I would have to go to Ohio - which I had already done a month earlier.

When I asked why Massachusetts would send me a bill for almost $14,000 without verifying the accuracy of this charge, which seems very negligent, he responded that Ohio sent Massachusetts's affidavit claiming the charge was true. So here's my obvious question. Why doesn't Massachusetts DOR/CSE hold Ohio CSEA accountable and responsible for an affidavit that is not true ?

Perhaps the answer could be found in Marilyn Ray Smith's own memos.

> Sept 13, 2003. " . . . I still get far too many letters and phone calls from customers who are frustrated with our failure to respond to their request for action on their cases. Too often requests for information on these cases are not met with necessary urgency. Investigation into the problem often shows that someone did indeed know about the request, knew what had to be fixed, but just didn't do it."
>
> Marilyn Ray Smith
> Deputy Commissioner

Massachusetts Representative Stephen P. LeDuc referred to the Massachusets DOR/CSE situation as " a crises situation."

Edward McGinness, an employee of the Massachusetts DOR/CSE states of the Massachusetts DOR/CSE personnel, " There are a lot of things they do that are illegal and border line immoral." And "they don't care who they crush or walk over."

So many parents have been contacting Shannon O'Brien for help with similar problems.

One parent writes :

"... my ex-spouse has been receiving her money on time... now the DOR/CSE claims that they haven't received anything, and the bill is getting higher and higher, when I switched jobs in 1997, same thing, you can't contact DOR for nothing. Then they threaten you with letters of wage levys, revoke of licenses etc.., I am not a dead beat Dad, I love my child, and this DOR/CSE system is ruining my life"

Another parent writes:

"... I hope the Commissioner helps change the DOR's horrible systems and starts helping parents who are trying to do all the right things..."

Obviously enormous problems exist. And a huge number of people are calling for changes. And obviously, this close relationship between Massachusetts DOR/CSE and the Ohio CSEA is part of this "crises situation."

2. How detrimental is this relationship ? Consider this : In February 2002, I asked the Office of Disciplinary Counsel for the Ohio Supreme Court for help. After reviewing my child support payment history the Supreme Court referred to my request as my "accurate protestations." And in a letter from the Supreme Court of Ohio to myself dated January 25, 2002, the council wrote, " We have further been advised that with the most recent proceedings in this matter, Clark County will now be adjusting its record to reflect the true and accurate state of your child support obligation."

Two weeks later, I received a bill in which the Ohio CSEA <u>did not</u> do as they apparently informed the Supreme Court of Ohio that they would do. I responded with a request for a mistake-of-fact hearing, which was not granted.

3. So when the Massachusetts DOR/CSE does as Ohio's CSEA requests - no questions asked - obviously there exist a relationship that is part of a very serious problem. Obviously the Ohio CSEA has no problem being dishonest to the Ohio Supreme Court. And when The Massachusetts DOR/CSEA follows blindly - then clearly, YES, Massachusetts DOR/CSEA is a big part of these issues addressed in my complaint filed with this court.

I feel very, very strongly that if Marilyn Ray Smith is dismissed, then these problems can not be resolved. And as long as these problems continue to go unresolved, my children will never see their Father.

So I beg this court not to let my children down.

Thank you.

Ralph Nelson
57 Charter Street
Apt 2A
Boston, Massachusetts
02113