## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Ralph R. Nelson | : | |
| Plaintiff | : | Case No. 04 10845 GAO |
| v. | : | Judge George A. O'Toole, Jr. |
| Tonya Marie Coffey (Nelson), et al. | : | Magistrate Judge |
| Defendants | : | Lawrence P. Cohen |

MOTION TO DISMISS OF DEFENDANTS CARLA TOWNSEND, ROBERT
SUVER, VIRGINIA BROWN, SANDRA MENDENHALL, DEBBIE
MARTINEAU, HOLLY PAYNE AND JOEL SALWAY

Defendants, Carla Townsend, Robert Suver, Virginia Brown, Sandra Mendenhall, Debbie

Martineau, Holly Payne and Joel Salway, hereby move this Court to dismiss the Complaint of

Ralph R. Nelson ("Plaintiff") against them pursuant to Civ. R. 12(b)(1), 12(b)(2), 12(b)(3) and

12(b)(6), or, in the alternative, transfer Plaintiff's case pursuant to 28 U.S.C. § 1404(a).  The

grounds for this motion are set forth in the memorandum in support below.

Respectfully submitted,

Mark Landes  (0027227)
Matthew T. Hollis (0073626)
Isaac, Brant, Ledman & Teetor, LLP
250 East Broad Street, Suite 900
Columbus, OH 43215
Phone: (614) 221-2121; Fax: (614) 365-9526
*Attorneys for Defendants Carla Townsend, Robert
Suver, Virginia Brown, Sandra Mendenhal, Debbie
Martineau, Holly Payne and Joel Salway*

Joanne L. Goulka
Frank J. Federico, Jr.
Griffin & Goulka
92 Montvale Avenue, Suite 2700
Stoneham, Massachusetts 02180-3639
Phone: (781) 279-9858; Fax: (781) 279-9870
*Of Counsel*

**MEMORANDUM IN SUPPORT**

## I.    INTRODUCTION

Plaintiff alleges that Defendants Carla Townsend, Robert Suver, Virginia Brown, Sandra Mendenhall, Debbie Martineau, Holly Payne and Joel Salway, all employees of Clark County (collectively "Clark County Defendants"), as well as several other defendants, violated the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1969. Defendants Townsend, Suver, Brown, Mendenhall, Martineau and Payne were employed by the Clark County Child Support Enforcement Agency ("CSEA") in Ohio. Defendant Salway was a Magistrate Judge in Clark County, Ohio during the relevant time period. Plaintiff alleges that all defendants joined in his lawsuit formed an enterprise by which they extorted child support money from Plaintiff.

## II.    LEGAL STANDARDS OF REVIEW

### A.    Civ. R. 12(b)(1) – Subject Matter Jurisdiction

Review of a motion to dismiss for lack of subject matter jurisdiction under Civ. R. 12 (b)(1) requires a court to "accept as true all material factual allegations in the complaint." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Moreover, the allegations of the complaint should be construed in favor of the pleader. *Scheuer*, 416 U.S. at 237. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). When the question to be considered is one involving the jurisdiction of a federal court, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Norton v. Larney*, 266 U.S. 511, 515 (1925). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

2

**B.    Civ. R. 12(b)(2) – Personal Jurisdiction**

A Plaintiff bears the burden of establishing that jurisdiction is proper when facing a motion to dismiss for lack of personal jurisdiction under Civ. R. 12(b)(2). *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). In cases where no evidentiary hearing is held to determine whether personal jurisdiction exists, the plaintiff must make a prima facie showing of jurisdiction by "citing to specific evidence in the record that, 'if credited, is enough to support findings of all facts essential to personal jurisdiction.'" *Boit v. Gar-Tec Prods.*, 967 F.2d 671, 675 (1st Cir. 1992). Then, a plaintiff must show every fact necessary to satisfy the Court that personal jurisdiction has been met in order to defeat a motion to dismiss. See *Id.* When determining whether personal jurisdiction exists, a Court may consider the pleadings, affidavits, and exhibits filed by the parties. *Id.* Plaintiff's properly supported proffers of evidence are accepted as true and disputed facts are viewed in light favorable to the plaintiff; however, any unsupported allegations need not be accepted as true. *Id.*

**C.    Civ. R. 12(b)(3) – Venue**

In order to defeat a motion to dismiss based on improper venue under Civ. R. 12(b)(3), the plaintiff must bear the burden of demonstrating that the action was brought in a permissible forum. *Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086 (1st Cir. 1979). Then the procedural analysis applied to a motion to dismiss for lack of venue is the same as the analysis used to examine a motion to dismiss under Rule 12(b)(2), as described above. See *New Life Brokerage Servs., Inc. v. New Life Holding Co., Inc.*, 222 F. Supp.2d 94, 98 (D. Me. 2002).

**D.    Civ. R. 12 (b)(6) – Failure to State a Claim Upon Which Relief Can be Granted**

When a complaint is reviewed for dismissal for failure to state a claim under Civ. R. 12(b)(6), the facts are considered in the light most favorable to the non-moving party. See

*Reppert v. Marvin Lumber and Cedar Co.*, 359 F.3d 53, 56 (1st Cir. 2004). Despite this instruction to construe the complaint liberally in plaintiff's favor, a complaint must contain "either direct or inferential allegations respecting all the material elements" and those allegations must amount to "more than bare assertions of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Ultimately, because a Civ. R. 12(b)(6) motion tests the sufficiency of the complaint, dismissal is proper when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See *Moss v. Camp Pemigewassett*, 312 F.3d 503, 507 (1st Cir. 2002).

## III.    LEGAL ARGUMENT

### A.    Plaintiff's Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction

#### 1.    Plaintiff Has Failed To Adequately Plead Any Jurisdictional Basis For His Claims.

This Court should dismiss all Plaintiff's claims for a lack of subject matter jurisdiction because Plaintiff's Complaint fails to adequately plead any jurisdictional basis for his claims. Civ. R. 8(a)(1) specifically provides:

> **(a) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it.

In Plaintiff's original claims against all Defendants in this action, Plaintiff simply alleges that "[t]his court has subject matter jurisdiction over the action pursuant to 28 U.S.C. ___ [sic]." Under Rule 8(a), this Court does not already have jurisdiction, and Plaintiff failed to provide the statute under which jurisdiction lies.

A statement of jurisdictional grounds cannot be adequate without offering at least a statute that confers jurisdiction on the Court. Plaintiff's Complaint brings several claims against

4

each defendant. Individual defendants, without more, should not be required to guess the precise jurisdictional basis under which they are being subjected to the jurisdiction of the Massachusetts District Court. It is extremely difficult for a defendant to defend against claims when he or she is without knowledge of the precise nature under which they are brought. Therefore, this Court should dismiss Plaintiff's Complaint against Defendants for lack of subject matter jurisdiction.

### 2.    The Plaintiff's Allegations Involve an Ongoing State Court Case.

Plaintiff's allegations against the Clark County Defendants arise from a domestic relations dispute, specifically the Plaintiff's divorce from Defendant Tonya Marie Coffey and the subsequent child support action. The United States Supreme Court ruled in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992) that a domestic relations exception exists under 28 U.S.C. § 1332, meaning that Federal Courts have no jurisdiction to adjudicate domestic relations matters. If there was arguably jurisdiction after *Ankenbrandt*, the United States Supreme Court has ruled that the Federal Courts should abstain from exercising jurisdiction over ongoing State law domestic proceedings. *Younger v. Harris*, 401 U.S. 37. Here, the child support enforcement action in Clark County, Ohio is ongoing (*Nelson v. Nelson*, Case No. 99DR0989, Clark County Court of Common Pleas). In fact, the Clark County Court of Common Pleas has scheduled a Mistake of Fact hearing regarding this matter for October 27, 2004. Therefore, if this Court declines to dismiss Plaintiff's action for improper venue or transfer it to the United States District Court for the Southern District of Ohio, this Court should return the case to the Ohio state court system.

### B.    The Claims Against the Clark County Defendants Should Be Dismissed For Lack of Personal Jurisdiction

The Court lacks personal jurisdiction over the Clark County Defendants under traditional notions of personal jurisdiction. In addition to employing the nationwide service of process

provision found in 18 U.S.C. § 1965(d), this Court must nonetheless undergo the requisite due process analysis required by the U.S. Constitution before assuming that personal jurisdiction is proper for Defendants.  At least four other Circuit Courts of Appeal have held that personal jurisdiction requires not only service according to a relevant nationwide service of process statute, but also traditional notions of minimum contacts in order to meet due process concerns. See *Horne v. Adolph Coors Co.*, 684 F.2d 255, 259 (3rd Cir. 1982); *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 826 (5th Cir. 1996); *Busch v. Buchman, Buchman & O Brien, Law Firm*, 11 F.3d 1255, 1259 (5th Cir. 1994); *Handley v. Indiana and Michigan Elec. Co.*, 732 F.2d 1265, 1272 (6th Cir. 1984); *Republic of Panama v. BCCI Holdings, SA.*, 119 F.3d 935, 945 (11th Cir. 1997); *In re Chase & Sanborn Corp.*, 835 F.2d 1341, 1345 (11th Cir. 1988) (rev'd on other grounds).   Therefore, this Court should decline to exercise personal jurisdiction over the Clark County Defendants based on only the RICO Act's service of process statute because it fails to consider relevant due process concerns.

In *Bellaire,* the Fifth Circuit specifically held that:

> Because the personal jurisdiction requirement is a function of the individual liberty interest, the proper focus for a personal jurisdiction test should be on protecting an individual's liberty interest in avoiding the burdens of litigating in a distant or inconvenient forum. *Requiring that the individual defendant in a national service of process case only reside somewhere in the United States does not protect this interest.*

*Bellaire*, 97 F.3d at 826 (emphasis added).  In applying the due process analysis, the Eleventh Circuit held that there is no reason to discard "fairness" and "reasonableness" completely when a plaintiff asserts jurisdiction under a federal statute. *Republic of Panama*, 119 F.3d at 945. The Court found that courts must ensure that requiring a defendant to litigate in the forum in which the lawsuit is filed is not unconstitutionally burdensome because this burden at

6

some point reaches a constitutional magnitude. See *Id.* at 945-47 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 484 (1985)).

Without the due process clause in mind, defendants are subject to personal jurisdiction in literally *any* district in the nation, simply because of these statutes. The First Circuit Court of Appeals has held that due process imposes three requirements on the exercise of personal jurisdiction over out-of-state defendants. *Cambridge Literary Props. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 295 F.3d 59, 63 (1st Cir. 2002). The defendant, in order to meet the requirements of due process, must have purposeful "minimum contacts with the state." *Id.* The exercise of jurisdiction must also be reasonable under the circumstances. *Id.* Finally, the plaintiff's claims must be related to the defendant's contacts. *Id.*

All events alleged in the Plaintiff's Complaint took place in Ohio. The Clark County Defendants lack even the most minute of contacts with the State of Massachusetts. None of the Defendants transacts any regular business affairs in Massachusetts in their official capacities. As such, any claims that Plaintiff might have against Defendants are a result of their official duties *in Clark County, in the State of Ohio.* Similarly, the Massachusetts Child Support Enforcement Agency only enforced a court order *from Ohio* when it garnished the wages of the Plaintiff. In his complaint, Plaintiff alleges various acts of fraud, conspiracy and malfeasance as to the Clark County Defendants with regard to his divorce and child support payments. Thus, the alleged events that clearly would have *taken place in Ohio.* The Plaintiff cannot demonstrate that the Clark County Defendants had even minimal contacts with Massachusetts.

The latter two requirements of due process in order to have personal jurisdiction are moot after the first cannot be established because the exercise of jurisdiction in the absence of minimum contacts would clearly be unreasonable and Defendants have no contacts in Massachusetts to relate to Plaintiff's claims. Even if Plaintiff could establish some minimum

7

contacts in Massachusetts, the exercise of personal jurisdiction in this instance would be unreasonable. As noted, the events giving rise to Plaintiff's claims took place in both Clark and Montgomery Counties, within the State of Ohio. Moreover, the Clark County Defendants as well as any documents, records and witnesses are in Clark County, Ohio. Even the most basic discovery activities, including the deposition of witnesses and the examination of documents, would entail not only significant travel and expenses but also significant disruptions to work schedules, including court dockets. In light of this, exercise of personal jurisdiction by this Court over the Clark County Defendants would be unreasonable. Thus, this Court should dismiss the Plaintiff's claims against the Clark County Defendants for lack of personal jurisdiction.

## C.   This Court Should Dismiss Plaintiff's Claims Against Defendants Because Venue is Improper

Plaintiffs claims should be dismissed due to improper venue for the Clark County Defendants, according to either 28 U.S.C. § 1391 or 18 U.S.C: § 1965. Plaintiff alleged in his Complaint that venue is proper in the District of Massachusetts under "28 U.S.C. § 1391." Plaintiff pleaded neither § 1391(a) nor (b) specifically, but § 1391(a) cannot apply to Plaintiffs case. Section 1391(a) only applies to claims brought under diversity jurisdiction, but a lack of complete diversity[1] destroys diversity jurisdiction.

Likewise, § 1391(b) fails to provide that proper venue lies in the District of Massachusetts. Section 1391(b) provides:

(b)   A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no

---

[1] Plaintiff's Complaint lacks complete diversity because he is from Massachusetts, and Marilyn Smith, a defendant, is also from Massachusetts.

::ODMA\GRPWISE\IBLT_DOM.IBLT_PO.IBLT Document Library:223774.1

district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

Section 1391(b)(1) does not support Plaintiff's claim that the District of Massachusetts is the proper venue because all defendants do not reside in the same state.  Similarly, Section 1391(b)(2) does not support Plaintiffs claims for proper venue in Massachusetts.  Foremost, virtually every event that Plaintiff alleges in his Complaint occurred in Ohio, not in Massachusetts. Additionally, Plaintiff is suing the various defendants for items such as attorney's fees, reversing judgments of the common pleas courts in Ohio, closing Ohio's courts, and for defendants to compensate Plaintiff for all arrearage charges that were allegedly falsely or improperly taken from him. Plaintiff's potential remedies include no property in the District of Massachusetts that would support any argument for proper venue under § 1391(b)(2).  Finally, § 1391(b)(3) is a catchall provision that applies only if § 1391(b)(1) or (b)(2) cannot be met. Plaintiff clearly may bring his claim in other judicial districts, specifically the District for the Southern District of Ohio, where all Ohio defendants reside.  Thus, resort to § 1391(b)(3) is unnecessary.

Despite Plaintiff's venue statement in his Complaint, § 1391 is only a general provision regarding venue that does not apply in this case. In both subsections (a) and (b), § 1391 provides that it applies *"except as otherwise provided by law." 28* U.S.C. § 1391(a) and (b) (emphasis added). As stated above, Plaintiff specifically pleaded neither subsection (a) nor (b), but this fact is inconsequential-both parts of § 1391 include the exclusionary language above. Thus, Plaintiff's Complaint states inadequate grounds for venue in the District of Massachusetts, and it should be dismissed.

The RICO Act under which Plaintiff also asserts claims contains its own venue statute in 18 U.S.C. § 1965. The RICO Act's venue statute provides:

9

> (a)    Any civil action proceeding under this chapter [18 USCS §§ 1961 et seq.] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965(a). Although Plaintiff did not specifically plead these sections of § 1965 in his Complaint, this Court may nonetheless satisfy itself that venue is improper under the RICO Act's venue statute. In § 1965(a), the Clark County Defendants clearly do not reside in the District of Massachusetts and were not found within that District at the time of service of summons. Similarly, the Clark County Defendants do not have, and Plaintiff is unable to show, that Defendants have an agent or that they transact their affairs (i.e., official duties) in the District of Massachusetts.

Defendants do not have an agent within the District of Massachusetts, whether express or implied. Plaintiff alleges that Defendants violated the RICO Act, in association with other various defendants, by garnishing wages through the Massachusetts Child Support Enforcement Agency and his Massachusetts employer for his child support obligations. No agency relationship was ever formed or pleaded by Plaintiff to establish that the District of Massachusetts is the proper venue.

Additionally, Defendants have not transacted any affairs with the District of Massachusetts in order to afford proper venue under 18 U.S.C. § 1965. The Clark County Defendants and employees under their supervision have been accused of various acts of fraud and malfeasance, all occurring within *Clark County in the State of Ohio.* This cannot reach the level of transacting their affairs in the District of Massachusetts.

In the alternative, this Court should transfer venue to the United States District Court for the Southern District of Ohio. Although Plaintiff joined Sherri Z. Heller, Commissioner of the Federal Office of Child Support Enforcement in Washington, D.C., and Marilyn Ray Smith,

10

Deputy Commissioner of Child Support for the Commonwealth of Massachusetts, who both reside outside of the State of Ohio, the other ten defendants in Plaintiff's action reside in the Southern District of Ohio. Moreover, nearly all of the events that take place in Plaintiff's Complaint actually occurred in Ohio. If there is any place where the Clark County Defendants as well as the other Ohio Defendants should be subject to suit, the Southern District of Ohio is the most logical and appropriate place. In fact, other than the one Massachusetts defendant, Plaintiff is the only individual involved with the lawsuit with any direct ties to the District of Massachusetts. Therefore, if this Court declines to dismiss Plaintiff's action for improper venue, a transfer of venue to the United States District Court for the Southern District of Ohio is appropriate.

### D.    In the alternative to dismissal for improper venue, this Court should transfer this case pursuant to forum non conveniens.

In the alternative to Defendants' motion to dismiss or transfer due to improper venue, Defendants request that this Court transfer venue to the Southern District of Ohio pursuant to forum non conveniens. The forum non conveniens statute provides that "for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it may have been brought" 28 U.S.C. § 1404(a) (emphasis added). 28 U.S.C. § 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). A motion to transfer under § 1404(a) thus calls on the district court to weigh a number of case-specific factors. *Id.* Courts have chosen a range of factors, but none is deemed dispositive of an individual court's discretion to transfer a case under forum non conveniens.

11

In this case, convenience for all potential witnesses and parties certainly favors a transfer of Plaintiff's case to the United States District Court for the Southern District of Ohio. Ten of twelve defendants named by Plaintiff in his Complaint reside in that jurisdiction, including his ex-wife, who apparently is the center of his claims against all of the defendants. Although a court may consider where a plaintiff chooses to bring a lawsuit, this is only one factor in the analysis. *Id.* at 31. All of the relevant events surrounding Plaintiff's allegations of conspiracy took place in Ohio, thus the Southern District of Ohio is vastly the more convenient forum in which to decide Plaintiff's claims. Instead of requiring a vast number of individuals to travel to the current forum and in light of the expenses involved, only three of twelve defendants will be required to travel substantial distances if this Court grants Defendants' motion for transfer under forum non conveniens. Therefore, if this Court declines to dismiss Plaintiffs case for any reason, the Clark County Defendants respectfully request that this Court transfer Plaintiffs case pursuant to forum non conveniens.

### E.    Plaintiff's claims against Defendants should be dismissed for failure to state a claim upon which relief can be granted

#### 1.    This Case Should Be Dismissed Because The Statute of Limitations Has Expired.

Plaintiff's Complaint should be dismissed because it was brought outside the relevant four-year statute of limitations for claims under the RICO Act. The United States Supreme Court has recognized that Congress included no express statute of limitations in the civil enforcement provision of the RICO Act. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 146 (1987). However, the Supreme Court has determined that a four-year statute of limitations is necessary and shall be applied to the RICO Act. *Id.* at 156. In reaching the conclusion that a statute of limitations was necessary, the Court reasoned that federal causes of action brought indefinitely regarding certain events would be "utterly repugnant to the genius of our laws." *Id.*

12

Moreover, the statute of limitations begins accruing at the earliest moment that the plaintiff could have brought an action under the RICO Act. *Rotella v. Wood*, 528 U.S. 549, 558-59 (2000). Thus, the tolling of the statute of limitations for a RICO claim begins when the situation that the plaintiff alleges first comes to the plaintiff's attention. See *Id.* In cases where the fraud involved does not afford the plaintiff an opportunity to learn of changes in the events while they are occurring, equitable tolling may be employed to start a new statute of limitations from the point where that significant change in events took place. *Id.* at 560-61. The Supreme Court has developed these laws to prevent plaintiffs from sitting idly by for years after their claims have arisen and to encourage greater certainty in establishing potential liability. *Id.* at 559.

Several dates may serve as possible starting points for Plaintiff's RICO claims, although all potential dates are beyond the statute of limitations. Plaintiff alleges that Tonya Marie Coffey filed a fraudulent affidavit with the Clark County Court of Common Pleas' Magistrate Judge Joel Salway on November 11, 1999. Complaint, ¶ 7. Second, Plaintiff claims that Ms. Coffey visited the Montgomery County Child Support Enforcement Agency on November 24, 1999, and that she convinced them to disregard an alleged October 1994 order from Judge V. Michael Brigner terminating any child support order. Complaint, ¶ 9. In Paragraph 14 of his Complaint, Plaintiff already questions how Ms. Coffey "could utilize two of the most powerful government organizations, the police and the CSEA, to break the law." (Complaint, ¶ 14.)

The events that Plaintiff considers actionable had already taken place and plaintiff was on notice to bring any existing RICO claims at this point. In fact, Plaintiff even acknowledges that he felt something was going on, referring to the events just after November 24, 1999. (See Complaint, ¶ 7, 9, 14.) In light of this, Plaintiff could easily have brought his RICO claims within the four-year statute of limitations yet did not do so, thus his claims should be dismissed.

13

2.    **Plaintiff Has Failed to State Any Cognizable Claim Under RICO.**

Even assuming, *arguendo*, that the Plaintiff's RICO claims were within the statute of limitations, Plaintiff fails to state a claim upon which relief can be granted. In Paragraph 152 of Plaintiff's Complaint, Plaintiff outlines what he feels are five separate, but related, schemes in four different counties and in two states. In the subsection (2) of Paragraph 152, Plaintiff alleges the acts that were committed in Clark County, Ohio that the Plaintiff believes amounts to RICO violations. Plaintiff fails, however, to even address the most basic elements necessary to establish a RICO claim.

Foremost, Plaintiff fails to allege any effect on interstate or foreign commerce. Similarly, Plaintiff fails to allege that Clark County or any of the Clark County Defendants derived income from participating in a pattern of corrupt activity. Rather, the money collected by the Clark County Defendants was collected as child support to be paid to Defendant Tonya Marie Coffey. This could therefore not be considered "income" for any of the Clark County Defendants. In fact, Plaintiff makes no allegations that any of the money allegedly collected from him was used for any other purpose other than payment to Ms. Coffey as child support. Furthermore, the Plaintiff has not alleged that the money allegedly collected from him was invested or used for the acquisition, establishment or operation of an enterprise. Finally, the Plaintiff has not alleged that he was injured as a result of the investment or use of the income derived from some enterprise and instead only alleges injury based upon the taking of the child support. As noted by the Massachusetts defendants, this is insufficient to establish a violation of Section 1962(a). See, e.g., *Compagnie De Reasssurance v. New England Reinsurance Corp.*, 57 F.3d 56, 91-92) (1st Cir. 1995) (holding that injury from the predicate acts alone is not sufficient to establish a violation of §1962(a) and that the plaintiffs must show "that they were harmed additionally by [the defendant's] use or investment of the proceeds of the racketeering activities.")

14

**3.    Plaintiff's Fraud Claims Against the Clark County Defendants Must Fail as They were Not Plead With The Requisite Particularity.**

Plaintiff's general allegations of fraud do not meet the standards set forth in Civ. R. 9(b). Rule 9(b) provides that for "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Civ. R. 9(b).   Plaintiff only alleges in his Complaint that <u>all</u> Defendants made misrepresentations to his employer, bank, the Clark County Common Pleas Court, and to the Plaintiff, and that <u>all</u> Defendants in general should have known of the falsity and/or incompleteness of these statements. Complaint, ¶ 261-62.   Such broad allegations as to all Defendants named by the Plaintiff fail to meet the requisite particularity made under Rule 9(b).   Thus, this Court should dismiss Plaintiff's fraud claim against the Clark County Defendants under Civ. R. 9(b) for failing to plead fraud with particularity.

## IV.    <u>CONCLUSION</u>

For all of the foregoing reasons, this Court should dismiss Plaintiff's Complaint against Defendants Townsend, Suver, Brown, Mendenhall, Martineau, Payne and Salway.

Respectfully submitted,

Mark Landes    (0027227)
Matthew T. Hollis (0073626)
Isaac, Brant, Ledman & Teetor, LLP
250 East Broad Street, Suite 900
Columbus, OH 43215
Phone:  (614) 221-2121; Fax:  (614) 365-9526

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by ordinary U.S. mail, postage prepaid, to the undersigned, this _9th_ day of September, 2004:

Ralph R. Nelson
57 Charter Street, Apt. 2A
Boston, MA 02113

Tonya Marie Coffey
3316 Bristol Drive
Springfield, OH 45503

Sarah M. Joss
Attorney General's Office
200 Portland Street, 3rd Floor
Boston, MA 02114

Adrianne M. Blair
Ohio Attorney General
Health Care Fraud Section
150 East Gay Street, 17th Floor
Columbus, OH 43215

Marcell N. Dezarn
Montgomery County Prosecuting Attorney
301 West Third Street
Dayton, OH 45422

Matthew T. Hollis

16