UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RALPH R. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04CV10845GAO |
| | ) | |
| v. | ) | |
| | ) | |
| TONYA MARIE COFFEY (NELSON), | ) | |
| | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE FEDERAL DEFENDANT'S MOTION TO DISMISS FOR FAILURE OF SERVICE**

The Complaint in this action was filed against the defendant, Dr. Sherri Heller, Commissioner of the Office of Child Support Enforcement ("OCSE") for the United States Department of Health and Human Services (hereafter, the "Federal Defendant"), on April 28, 2004. Since that time, plaintiff Ralph Nelson has failed to serve either the United States Attorney's Office or the Attorney General of the United States, and has failed to properly serve either the United States Department of Health and Human Services ("HHS") or Commissioner Heller, in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. Notwithstanding this failure of service, a review of the civil docket for this action indicates that Plaintiff has continued to file pleadings referencing the Federal Defendant, including its most recent pleading entitled "*Plaintiff's Answer to Motion to Dismiss Filed for Defendants Carla Townsend, Robert Suver, Virginia Brown, Sandra Mendenhall, Debbie Martineau, Holly Payne and Joel Salway,*" dated October 9, 2004, in which Plaintiff alleges the following:

> [The Federal Defendant] was served the summons and complaint for
> this case way back on May 15, 2004. To this present day, Oct. 9,

>      2004, the Commissioner has failed to respond.  The Commissioner is
> now in contempt.

(See ¶ 1.)  As service has not been accomplished, the Federal Defendant respectfully requests that this Court dismiss the Petition in its entirety.  See Fed. R. Civ. P. 12(b)(5).

Rule 4(i) of the Federal Rules of Civil Procedure sets forth the requirements of service of process upon the United States, its agencies, and officers.  The rule prescribes that service be effected upon the United States, its agencies, and officers, by delivering copies of the summons and complaint to the United States Attorney by hand delivery or by registered or certified mail, by sending copies of the summons and complaint to the Attorney General of the United States by registered or certified mail, and by sending copies to the officer or agency by registered or certified mail.  Fed. R. Civ. P. 4(i)(1).[1]  Rule 12(b)(5) of the Federal Rules of Civil Procedure sets forth "insufficiency of service of process" as grounds for dismissal of a complaint.

The Court acquires personal jurisdiction over a defendant only if the defendant is properly served.  Omni v. Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 103 (1987) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction"); De La Cruz Arroyo v. Comm'r of Social Security, 215 F.3d 1311 (1st Cir. 1998)(Dismissal of case upheld when plaintiff failed to serve process seven months after

---

[1] Similarly, if an individual employee of the federal government is being sued in his personal capacity, service must be accomplished upon that individual and upon the United States Attorney's Office, the Attorney General of the United States, and the agency.  Rule 4(i)(2)(B).

complaint filed.); Media Duplication Serv., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1232-34 (1st Cir. 1991) (Jurisdiction not established where no return of service).[2]

Since the Federal Defendant is an agent of the United States, Plaintiff was required by Rule 4(i) to serve Commissioner Heller, HHS, the United States Attorney's Office, **and** the Attorney General of the United States.  Additionally, Rule 4(m) of the Federal Rules of Civil Procedure provides that an action shall be dismissed if service is not made upon a defendant **within 120 days** after the filing of the complaint, "provided that if [a] plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  (Emphasis supplied.)

Proper service has not been accomplished in the **over 210 days** since the filing of the Complaint.  Accordingly, Plaintiff has violated the 120-day service rule (Fed. R. Civ. P. 4(m)), the Federal Defendant has not been brought within the jurisdiction of this Court, and the Complaint against her should be dismissed for failure of service.  See Fed. R. Civ. P. 4(i), 4(m), 12(b)(5).

---

[2]   It is the burden of the plaintiff to establish that proper service has been effected.  United States v. Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988).

3

WHEREFORE, as service has not been accomplished, the Federal Defendant respectfully requests that this Court grant her motion to dismiss for failure of service, and further, that this Court dismiss the Complaint against her in its entirety.

        Respectfully submitted,

        The Federal Defendant, Sherri Heller,
        Commissioner, Office of Child Support
        Enforcement for the United States Department of
        Health and Human Services

        By her attorney,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/Gina Y. Walcott-Torres
       Gina Y. Walcott-Torres
       Assistant United States Attorney
       John Joseph Moakley U.S. Courthouse
       One Courthouse Way, Suite 9200
       Boston, MA 02110
       617-748-3100

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the above document was served upon the parties in this action by first class mail, postage prepaid, on this 9th day of December 2004.

        /s/Gina Y. Walcott-Torres
        Gina Y. Walcott-Torres
        Assistant U.S. Attorney

**CERTIFICATE OF LOCAL RULE 7.1(A)(2) COMPLIANCE**

The undersigned counsel for Defendant respectfully requests a waiver of L.R. 7.1(A)(2) as plaintiff is unable to contact plaintiff because he has failed to provide his phone number. Additionally, Plaintiff is *pro se*.

      /s/Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant U.S. Attorney